## The Corporation of Seguin v. John Ireland.

### (Case No. 3511.)

1. Nuisance.— An individual owning property in a town abutting on a public square, the value of which is affected by the dedication of the use of the square, may maintain an action to enforce the dedication, or to prevent its being appropriated to a use inconsistent with the dedication.

2. Pleading — Dedication.— The erection of a market house on a public square in an incorporated town, on which was marked as it appeared on the map of the town, "market," is not necessarily inconsistent with the purposes of the original dedication of the square. In an action to abate such a building as a nuisance, the petition should state facts showing that the erection of the market house was inconsistent with the purposes to which the square was dedicated.

3. Dedication.— A plat of ground on the map of a town was marked with the word "market." Small houses had formerly been erected in which those who built them sold beef. Afterwards the town authorities erected a building for market purposes. In an action to abate it as a nuisance, held, the facts were not sufficient to show the dedication of the ground as an open market place.

Appeal from Guadalupe. Tried below before the Hon. Everett Lewis.

The town, acting through the mayor and board of aldermen, whether by direct ordinance is not shown, erected near the center of the public square in the town of Seguin a small wooden building, one end of which was used and designed for a calaboose or prison, in which those offending against the town government were confined, and the other end was used and built for a market house. In constructing an addition to the house a live oak tree was cut down to make room for the building. When this was done appellee, who was a property owner in the town, whose property abutted on the square, brought this suit to restrain the town government from destroying any more of the ornamental trees and to require it to remove the buildings as a nuisance. A trial was had, and under the special findings of the jury a decree entered requiring the town to remove the buildings as a nuisance, or in default, for the sheriff to do it. From that judgment the town appealed.

*W. E. Goodrich*, for appellant.

I. A suit cannot be sustained in favor of a private individual to abate a public nuisance. 8 Gill & J. (Md.), 479.

II. The answers of the jury to the special issues show no special damage to plaintiff, and certainly, if not specially damaged, he should not have had judgment for removal of the nuisances. High on Injunctions, sec. 522; Hamilton v. New York, 9 Paige, 176; Corning v. Lowerie, 6 Johns. Ch., 439.

*John Ireland,* for himself.

I. All the books, it is believed, admit the right of an individual to maintain a suit even to abate a nuisance, if he can show that he has suffered, or is likely to suffer, a personal wrong or pecuniary injury over and above what may be suffered by the people in common. Ketchum *v.* City of Buffalo, 14 N. Y., 358; Abbott *v.* Mills, 3 Vt., 520; Mo. *v.* Railway Co., 5 Rich. Law, 583; Runyan *v.* Boedine, 2 Green, 472; Hickman *v.* Hummel, 19 Pa. St., 64.

II. The owners of property abutting on this public ground, it having been dedicated to the public by the original owners of the town tract, had the same interest in the fee and the use of it that they have in and to the streets. In the case last cited, on page 374, the court says: " The common council could not establish a market in a public street, as this would be a nuisance." To the same effect, see E. L. & Big. S. Railway *v.* Combs, 10 Bush, 386; Lull *v.* Chicago, 68 Ill., 518; Ingram *v.* Chicago, 38 Iowa, 669; 67 Ill., 540; Oswald *v.* Green, 22 Tex., 94; Williams *v.* Davidson, 43 Tex., 1; Trustees *v.* Perkins, 3 B. Mon. (Ky.), 440; Hunter *v.* Trustees, 6 Hill, 414.

III. The city could not appropriate the streets and public squares to its use for gain to the detriment of the people, and a citizen owning property on the street can maintain the action. Davis *v.* New York, 14 N. Y., 507; Dillon on Municipal Corporations, § 316; LeClerg *v.* Gallipolis, 7 Ohio, 218; Haynes *v.* Thomas, 7 Ind., 38.

IV. " The public square is as much a highway as if it was a street, and neither the county or the public can block it up to the prejudice of the public or individuals." It is dedicated to the use of all the people as a highway, and all have a right to pass over it without unreasonable let or hindrance. Commonwealth *v.* Bowman, 3 Pa. St., 203; County Commissioners *v.* Latterop, Kansas, 1872. " *An individual* owning lots abutting is entitled to an injunction to restrain the obstruction of a *public square.*" High on Inj., § 524; Williams *v.* Smith, 22 Wis., 594.

V. It was at one time supposed that the attorney general was a necessary party to proceedings to abate a nuisance, but such is not now the rule. If there is a special grievance arising out of a common nuisance, which presses more upon particular individuals than others not so immediately within its influence, they are entitled to the protection of a court of equity for the protection of private rights. Commissioners *v.* Long, Select Eq. Cases by Parsons, 148.

GOULD, CHIEF JUSTICE.— As the owner of lots in the town of Seguin abutting on a public square alleged to have been " dedicated as an open public ground," John Ireland brought this suit, complaining that the town had without authority erected a market house and calaboose on this square, creating thereby a public nuisance and depreciating the value of his lots.    He sought to have the buildings removed, and, upon the finding of the jury on certain special issues submitted to them, the court proceeded to adjudge that the buildings be removed.    The town appeals, and the first question presented is as to the plaintiff's right to maintain a suit to abate a public nuisance.    We deem it unnecessary to discuss the principles controlling this question, being satisfied that the  previous decisions in this state recognize the right of the owner of a lot abutting on a public square to maintain such a suit, and that this line of decision is in accord with the weight of authority elsewhere.    Lamar Co. v. Clements, 49 Tex., 348;  Williams v. Davidson, 43 Tex., 30;  Shepherd v. Barrett, 52 Tex., 640;  Harrison v. Boring, 44 Tex., 256; 2 Dillon on Municipal Corp., sec. 661 (522).    Mr. Dillon says: "Individual owners of lots adjacent to a public square, the value of which is affected by the dedication, have  such rights and  interests that they may maintain a bill in equity to  enforce the trust, or to restrain the appropriation of the  public square by  the original proprietors, or by others, to their private use, or to any use inconsistent with the purpose for which it was dedicated."    Sec. 661, *supra*, and authorities there cited.    See also Langley v. Gallipolis, 2 Ohio St., 107.

But there is another ground on which we  think the demurrer to the petition should have been sustained, viz., the failure to state facts showing that the town authorities were not authorized to erect a market house on this square.    Except as implied from the allegation that it was dedicated as an  open public ground, there are  no facts stated showing that the  erection of a  market house was inconsistent with the  purposes to which the square was dedicated. The insufficiency of the petition in this  respect was followed by a corresponding insufficiency of the evidence to support the findings of the jury on the following issues:

" 3d. On the map and plat of said town of Seguin, is the place or square described  shown to be open public ground?    Ans. It is."

" 4th. Did the original proprietors or property holders, in laying out said town, design said square or open space to be kept for an open market place?    Ans. They did."

Now the map of the town shows that this square is marked

"market." There is nothing to indicate that it was to be open public ground. Nor is there any evidence of the design of the original proprietors that it should be kept as an open market place. There was evidence that it had always been kept open until the building complained of was erected, except that some small houses had been erected by private persons for the purpose of selling beef. This evidence is insufficient to show a dedication as an open market place. Surely the dedication of the square to market purposes would be satisfied, if, in the infancy of the town, it were kept open, and would be equally satisfied, if, when the growth of the town justified it, a public market house were erected thereon. Says Mr. Dillon: "A public square or common in a town or city, where the dedication is general and without special limitation or·use, may be inclosed, notwithstanding it has remained open many years, and be improved and ornamented for recreation and health." Sec. 646 (509). In the case of Langley v. Gallipolis cited above, the court say: "The fact that this ground was left open and used as an uninclosed public common for many years, was not inconsistent with the terms of the dedication, and could not lay the foundation for any presumption against the right of the village to use the ground in any other manner deemed more advantageous or preferable within the terms of the dedication." 2 Ohio St., 112. We are very clear that the evidence was insufficient to support the findings of the jury.

The case was tried without any effort to discriminate between the right to erect a market house on this square and the right to erect there a calaboose or place for the confinement of disorderly persons, and we deem it unnecessary to inquire whether the use of a part of the market house, or of an addition to the market house, as a town prison was within the power of the town authorities or not. The judgment directs the removal of the entire building, and because neither the pleadings nor evidence are sufficient to authorize such relief, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 8, 1882.]