GEORGE W. DAY v. B. J. CHAMBERS ET AL.

(Case No. 1683.)

1. JURISDICTION — INJUNCTION.— The power of the district court to issue writs of injunction extends to cases involving title to land, or where the enforcement of a lien on land is sought. That court has, under article 5, section 8, of the constitution, a general power to issue writs of *mandamus*, injunction and *certiorari*, and all other writs necessary to enforce its general jurisdiction.

2. HIGHWAY — EASEMENT.— As a general rule, he who purchases land fronting on the road as a boundary acquires title to the center of the road; but this rule does not apply when the title to the land covered by the road was not vested in those from whom the adjoining proprietors derived title. In such case the interest of the adjoining proprietor consists of his right to use it by reason of its being dedicated to public use.

APPEAL from Johnson. Tried below before the Hon. Jo Abbott.

This suit was brought by appellant to recover possession of a lot of ground in the city of Cleburne. The statement of the case made by appellant's counsel, and adopted by the judge who delivered the opinion, is unnecessary in view of the opinion, and quite too lengthy for insertion here. Appellant claimed an easement in a road laid down on the plat of the town of Cleburne as the "road to Alvarado," with reference to the use of which he claimed that he purchased.

Prayer for the recovery of the premises, with damages, rents and profits and costs, or, in the alternative, for the recovery of title and possession of all that portion of said lot lying north of the center of said old Alvarado road, and an easement and right of way over all that portion lying south of the center of said old road to the north line of Henderson street, as now located. That defendants be enjoined from appropriating or using any part of same for private purposes, or obstructing or preventing plaintiff from the use and enjoyment of same, and that they be required to remove the lumber, lumber sheds, etc., now on the ground, and for general relief.

A jury waived, and judgment for appellee. The conclusions of law and fact found by the judge below are sufficiently apparent from the opinion.

*Bledsoe & Fisher*, for appellant.

*Poindexter & Paddleford*, for appellee.

DELANY, J. COM. APP.— We do not deem it necessary to discuss the questions raised by the assignments of error, for the reason that all or nearly all of them have been settled by decisions which have been made since the date of the trial below.

The presiding judge found among his conclusions of law that the plaintiff was entitled to use the ground which was formerly the Alvarado road for the purposes to which it was originally dedicated. He also held that the defendants, in taking possession of it, committed a trespass.

But the court denied relief to the plaintiff upon the supposition that the district court had no power to grant the injunction.

The judge reached that conclusion by reasoning thus: The district court has jurisdiction to try titles to land and to enforce liens thereon. It may issue the writ of injunction when that writ is necessary to enforce its jurisdiction. This is not properly a suit to try title to land or to enforce a lien upon land. It is not, therefore, a suit in which the district court may issue the writ of injunction.

If this conclusion were correct, a large and important class of rights might be entirely without remedy; for the court of appeals has held that the county court has no jurisdiction in such cases. Scripture *v.* Kent, White & Willson's Cond. Rep., pp. 592-6.

But the jurisdiction of the district court is not thus limited. Const., art. 5, sec. 8.

A general authority is there given to the district courts and to the judges thereof to issue the writs of *mandamus*, injunction and

*certiorari*, and a further power is superadded to issue all writs necessary to enforce their jurisdiction.

This was fully settled, as to the writ of injunction, by the case of Anderson County *v.* Kennedy, 58 Tex., 616. See, also, Haby *v.* Koenig, 4 Law Rev., 118.

And in the case of Day *v.* Vincenheller (decided at the last Galveston term but not reported), a similar decision was made concerning the jurisdiction of the court in cases of *mandamus.*

This disposes of the most important question in the case and must, we think, cause a reversal of the judgment.

The plaintiff insists that by his purchase of the lot fronting on the Alvarado road, he acquired a title to the land extending to the center of the road. This is the general rule of the common law. Mitchell *v.* Bass, 26 Tex., 372. The rule seems to proceed upon the principle that the adjoining proprietors own to the center of the road; but the rule itself is embarrassed by many distinctions and exceptions. See 3 Washb. Real Prop., 4th ed., p. 420, note.

But it seems from the record that the title to this piece of ground was not in the adjoining proprietors, but in Johnson county, and thus the rule of law above mentioned will not avail the plaintiff.

This, however, does not impair the plaintiff's rights in this piece of ground as a public way by reason of its original dedication as such.

The plaintiff (as we understand him) also insists that the defendant Chambers is estopped to claim that part of block No. 6 lying between Henderson street as extended and the old Alvarado road, by reason of his having received, in 1871, a deed from T. D. Solomon for said block, with certain reservations made by the grantor.

One of these reservations was that the portion of the block above mentioned should remain an open street or common.

This might possibly amount to an estoppel, or even to a dedication. But in the absence of a more complete statement of the circumstances connected with the transaction, we cannot give an opinion. It is not even stated whether the deed was ever recorded, or known or acted upon in any way. See Lamar County *v.* Clements, 49 Tex., 347; Seguin *v.* Ireland, 58 Tex., 183; Ramthun *v.* Halfman, id., 551.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted November 12, 1884.]