RICHARD COCKE v. TEXAS & NEW ORLEANS RAILROAD COMPANY ET AL.

Decided May 9, 1907.

**1.—Street—Ownership of Fee—Right of Action.**

Owners of abutting property own the fee to an adjacent street and may maintain a suit of trespass to try title against anyone claiming and holding the street adversely to them and the public.

**2.—Trespass to Try Title—Common Source—Presumption.**

Where the plaintiff and defendant in trespass to try title claim under a common source the defendant can not defeat a recovery by plaintiff by merely showing that a person other than the common source at one time held the title; he must go further and show at least prima facie that the common source never acquired such title.

**3.—Street—Limitation—Statute Construed.**

The Act of 1887, amending article 3200 of the Revised Statutes, was only intended to protect the rights of the city and the pulbic against limitation, and not the right of private owners to the fee in the streets, hence the right of private owners may be lost by adverse possession.

**4.—Same—Continuity of Possession.**

Where one in adverse possession of land conveys the same such conveyance breaks the continuity of adverse possession in the absence of evidence that his continued possession was under and for his grantee.

Error from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*John Lovejoy, W. G. Love, T. H. McGregor* and *Gillette & Frank-lin,* for plaintiff in error.

*Baker, Botts, Parker & Garwood* and *T. D. Cobbs,* for defendant in error.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by the Texas & New Orleans Railway Company against Richard Cocke, Matthew Drohan and James Pearson to recover the title and possession of certain parcels of land situated in the city of Houston. The land sued for is described in the petition as Block No. 58, on the north side of Buffalo Bayou in said city, and one-half of the strip of land lying between said Block 58 and Block 59 and "sometimes described as Vine street."

The defendant Cocke answered by general and special exceptions, pleas of not guilty and pleas of limitation of three, five and ten years, and by cross-bill against his co-defendants sought judgment for the title and possession of a portion of said land described in his answer and of which he alleges he had been unlawfully dispossessed by said defendants.

The defendants Drohan and Pearson filed answers containing pleas of not guilty and of limitation against the claims of both plaintiff and their co-defendant Cocke.

The Houston & Texas Central Railroad Company intervened in the suit claiming that a portion of the land claimed by the defendants was a part of block 59 owned by said intervener and asking judgment against said defendants for the portion of said block so claimed by them, and also for that portion of the property claimed by the defendants between blocks 58 and 59, and called Vine street. The defendants answered the petition of the intervener by pleas similar to those interposed in defense of plaintiff's suit.

The trial in the court below was by a jury. The court instructed a verdict in favor of the plaintiff and intervener, and, said parties having by agreement made during the trial joined issues as against the defendants and waived the right to a judgment settling their several interests in the land in controversy, judgment was rendered accordingly. From this judgment the defendant Cocke sued out a writ of error, and the case is before us on his complaint alone.

The evidence shows that the land in controversy is a part of the John Austin original grant. The plaintiff and intervenor showed title to block 58 and 59, described in their petitions, through mesne conveyances from A. C. and J. K. Allen, and sought to connect themselves with the original grantee through certain proceedings in the probate court of Brazoria County had in the administration of the estate of John Austin, and a deed from Elizabeth Parrott and husband to said A. C. and J. K. Allen. These proceedings consist—

First. Of a petition by T. F. L. Parrott and wife, Elizabeth Parrott, filed in said court alleging that said petitioners are the sole heirs of John Austin, deceased, and praying that they be declared such heirs "without the benefit of inventory and such other privileges in furtherance of this matter as the court may in its wisdom deem proper."

Second. An order of said court made on July 31, 1837, directing that notice of said petition be given according to law.

Third. An order of said court made on October 31, 1837, granting the prayer of said petition and adjudging that the said Elizabeth Parrott is "the unconditional heir of said John Austin."

Fourth. The petition of Elizabeth Parrott, joined by her said husband, filed in said court August 25, 1836, asking permission to sell a part of the Austin grant (including the land in controversy).

Fifth. An order of said court made on August 25, 1836, granting said petition and adjudging that said Parrott and wife "be and are hereby authorized to sell and convey said land."

The deed from Elizabeth Parrott and husband conveying said land to A. C. and J. K. Allen was executed August 26, 1836.

The defendant Cocke claimed title to that portion of the land in controversy called Vine street through conveyances under A. C. and J. K. Allen subsequent to the conveyance under which plaintiff and intervener claim.

Prior to 1854 the owner of the tract of land which includes the property in controversy subdivided it into blocks, lots and streets, and the conveyances under which defendants in error hold refer to the streets and give the block numbers as shown on the official map of the city of Houston, which has been in use since said date. We make from said map the following plat showing the property in controversy and its immediate surroundings.

This suit was filed in September, 1902. Plaintiff in error testified that he took possession of a portion of the land in controversy on November 4, 1891, and enclosed it and has held possession thereof continually since said date, claiming it as his property. There was other testimony corroborative of the statements of plaintiff in error as to his possession of the property, and there was also evidence tending to contradict such statements. On April 25, 1896, the executor of the estate of C. M. Allen, in whom the title of A. C. and J. K. Allen had become vested, conveyed the land in controversy to Hildegarde Cocke, the wife of plaintiff in error. This deed was filed for record April 28, 1898, and duly recorded. On March the 22d, 1900, plaintiff in error, joined by his said wife, conveyed the land to T. F. Williams. This deed was filed for record September 30, 1901. On February 20, 1902, T. F. Williams and wife conveyed the land to plaintiff in error. This deed was filed for record February 24, 1902. There was no proof of the payment of taxes on the land by plaintiff in error.

It was shown that the portion of Vine street south of Wood street, and between blocks 58 and 59, as it appears on the above plat, had never been used by the public as a thoroughfare and had never been worked upon or improved in any way by the city. There is no bridge or other means of crossing the bayou where said street reaches it.

The first assignment of error complains of the peremptory instruction to the jury to find in favor of defendants in error on the

ground that the land in controversy was a public street of the city
of Houston, and therefore it could not be recovered by defendants
in error, the city of Houston being the only party entitled to sue
for and recover same. We do not think it necessary to decide
whether the property is, as contended by appellant, a public street
of the city. It may be conceded for the sake of argument that
such is the fact, and yet defendants in error, as owners of the fee
in said street, could maintain an action of trespass to recover the
title and possession against a trespasser in possession thereof. The
deeds conveying the blocks on each side of the street to defendants
in error put the title to the fee in the street in them. Mitchell
v. Bass, 26 Texas, 380; Day v. Chambers, 62 Texas, 192. Being
the owner of the fee we can see no reason for denying them the
right to protect their title by suit against any one claiming and
holding the property adversely to them. Of course the judgment
in this suit would not be binding on the city of Houston and the
recovery by defendants in error against plaintiff in error in no
way affects the right of the city to the use of the property as a
street if it has such right and sees fit to assert it.

The second assignment complains of the verdict on the ground
that the evidence shows affirmatively that the superior legal title
to the land in controversy was outstanding in the heirs of John
Austin, and therefore the trial court should have instructed a verdict
in favor of plaintiff in error. This assignment is based upon the
contention that the proceedings, in the administration of the estate
of John Austin in the Probate Court of Brazoria County did not
pass the title of John Austin in the land in controversy.

The record shows that plaintiff in error claims title under a
common source with defendants in error, and such being the case he
could not defeat a recovery by defendants in error by merely showing
that a person other than the common source at one time held the
title, but he must go further and show at least *prima facie* that
the common source was without title, the presumption being that
the title so shown to have existed in another person had passed to
the common source. Under this rule it may be conceded that the
administration proceedings did not divest the title of the heirs of
John Austin in the land, and yet the presumption remains that the
Allens, under whom the parties to this suit all claim, in some way
acquired the title of said heirs, and this presumption is not rebutted
by any evidence in the record. Rice v. St. Louis A. & T. Ry. Co.,
87 Texas, 93; Foster v. Johnson, 89 Texas, 647. The case of Ellis
v. Lewis, 81 S. W. Rep., 1034, is not in conflict with the rule
announced. In that case the issue was as to the identity of the
original grantee, and if the land was in fact granted to a different
person to the one under whom both parties claimed, it was manifest
from the record that the common source had not acquired the title
of such grantee.

It is further urged by plaintiff in error, under appropriate assign-
ments, that the trial court erred in taking the case from the jury
because the issue of title in plaintiff in error by limitation was
clearly raised by the evidence. It is true that there is evidence

showing that at least a portion of the land had been enclosed for more than ten years before this suit was brought, and, as before stated, plaintiff in error testified he had possession of the land during said time and was claiming it as his property.   The evidence is meager and unsatisfactory as to the continuous use of the property by plaintiff in error, but is sufficient to raise the issue of such use and occupancy as would entitle him to prescribe under the ten year statute if the other requisites of the statute had been complied with.

The defendants in error contend that the issue of limitation is not in the case because under the Act of 1887, amending art. 3200 of the Revised Statutes, plaintiff in error could not acquire title by limitation to any portion of a public street of the city of Houston, and because the undisputed evidence shows that the claim and possession of plaintiff in error was not continuous during ten years, since it appears that during two years of that time T. F. Williams held a deed to the property conveying to him the claim of plaintiff in error, and it is not shown that plaintiff in error held for or under Williams during said two years.

We do not think the statute above referred to affects the right of plaintiff in error to acquire title by limitation against defendants in error to the fee in the street.   If we are right in our conclusion that defendants in error could bring suit to dispossess plaintiff in error and recover their title to the fee without being joined in the suit by the city it would seem to necessarily follow that adverse possession by the plaintiff in error for ten years under a claim of title would invest him with the title to the fee, subject to the right of the city to use the property as a public street.   We think the statute mentioned was only intended to protect the city and the public against the loss of the use of a street by adverse possession under the statutes of limitation, and that it does not protect the owner of the fee against such adverse possession.

The other ground urged by defendants in error in support of the judgment should, we think, be sustained.   The sale by plaintiff in error to Williams divested him of all claim or right in the property and his possession during the two years that Williams held title under this deed could not have been under a claim of title or ownership in himself, and there is no evidence that he was holding for and under Williams, nor any testimony that Williams had any possession during said time which would inure to plaintiff in error's benefit under his subsequent purchase from Williams.

What has been said disposes of all the material questions presented and we shall not discuss the remaining assignments of error. We have considered each assignment and none of them present any error which requires a reversal of the judgment.

We are of opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.