**David L. HALPENNY, Appellant,**

v.

**CITY OF SAN ANTONIO et al., Appellees.**

No. 13840.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 22, 1961.

M. N. Garcia, Austin, for appellant.

Crawford B. Reeder, City Atty., San Antonio, for appellees.

BARROW, Justice.

This is a suit for writ of mandamus brought by appellant, individually and as next friend for and on behalf of twenty-four named persons alleged to be minors, seeking to compel the appellees, City of San Antonio and members of the City Council, to:

1. Withdraw from the ballot used in January 10th election, the proposition of the issuance of bonds for the construction of the North Expressway.

2. Call a special election for the purpose of submitting to the electorate of the city of San Antonio, the question whether Brackenridge Park, or parts thereof should be used for purposes other than its dedicated use as parkland; or in the alternative;

3. To reword the said proposition so that the question of whether Brackenridge Park should be used for purposes other than as a park, could be determined by the voters of the city of San Antonio.

An election was called by the City Council to be held on January 10, 1961, to determine, among other things, if the issuance of bonds of the City should be authorized to provide funds in the sum of $3,500,000.00 for the purchase of right-of-way and necessary approaches for a North Expressway. The proposed North Expressway would go through Brackenridge Park, a public park, owned by the City and used for park purposes. It is alleged that appellant, Halpenny, is the owner of a business in said City, which is indirectly benefited by the use and popularity of said park, and that he is a resident, qualified elector and taxpayer of said City. It is further alleged that the minor plaintiffs are residents of said City and have an interest in the maintenance of said park, in that they and each of them, have enjoyed and wish to continue to enjoy happy hours of pleasure visiting said park.

The case was tried before the court on January 9, 1961, and judgment was rendered denying in all things the issuance of the writ of mandamus. No evidence was introduced on the trial of said cause, but the parties stipulated that the election in question had been called for January 10, 1961, and that Brackenridge Park is a dedicated park in said City.

On account of the fact that the election was held and the proposition for the issuance of bonds for the construction of the North Expressway carried, appellant has abandoned his request for mandates Nos. 1 and 3, and here seeks a reversal of the trial court's denial of his request for mandate No. 2, and requests that this Court issue its mandate requiring appellees to call and hold an election as prayed for in mandate No. 2, and that this Court enjoin appellees from taking any action in the construction of the North Expressway until said election is held, and the construction thereof through said park is authorized by that election. The trial court's

action in refusing to issue the writ of mandamus upon the petition of appellant was proper, for the reason that the facts alleged by appellant do not show that either appellant, individually, or the minors, whom he represents as next friend, have any justiciable interest in the subject matter which would entitle them, or any of them, to bring and maintain the suit. The facts affirmatively show that any rights they may have to the use and enjoyment of Brackenridge Park, or to have it maintained as such, are rights which are shared in common with all the people of San Antonio and with the public in general, and any injury to them, by reason of the impairment of such rights, is sustained by the general public. Yett v. Cook, 115 Tex. 205, 281 S.W. 837; San Antonio Conservation Society v. City of San Antonio, Tex.Civ.App., 250 S.W.2d 259; McCarty v. Jarvis, Tex. Civ.App., 96 S.W.2d 564; City Council of Wichita Falls v. Coker, Tex.Civ.App., 93 S.W.2d 459.

The judgment of the trial court is affirmed. All direct relief sought by appellant in this Court is denied.