CITY OF SAN ANTONIO et al., Appellants,

v.

The CONGREGATION OF the SISTERS OF CHARITY OF the INCARNATE WORD et al., Appellees.

No. 4064.

Court of Civil Appeals of Texas.

Waco.

Sept. 20, 1962.

Rehearing Denied Oct. 11, 1962.

Crawford B. Reeder, San Antonio, Will Wilson, Atty. Gen., Morgan Nesbitt, Asst. Atty. Gen., Austin, Truehart, McMillan & Russell, San Antonio, for appellants.

Pat Maloney and Jack Pasqual, San Antonio, O'Quinn, McDaniel & Randle, Austin, Perry Rowan Smith, San Antonio, for appellees.

WILSON, Justice.

Summary judgment was rendered for appellees in their declaratory judgment action; and the City of San Antonio, the State of Texas and the State Highway Commission were permanently restrained from furthering an attempt to effect conveyance of a portion of Brackenridge Park, or the construction of a highway thereon. Appellants do not contend the judgment was improper because of existence of material fact issues; they urge the judgment was erroneous even if the facts alleged by appellees are true. Appellants' motion for summary judgment was overruled.

Appellees prayed for a declaration that Arts. 1017–1020 and 1112, Vernon's Ann. Texas Stat. prohibit conveyance by the City without an election; for a declaration that the City is not authorized to convey; for an injunction, and alternatively, for a declaration that the conveyance would effect divestiture of the City's title to additional park property. The injunction was the only specific relief granted.

Appellants' initial contention is that plaintiffs had no justiciable interest authorizing them to maintain an action for injunction and declaratory judgment. The following facts, the parties tell us, may be assumed to be true: Appellees, a religious order and individuals, own and occupy property abutting 390 acre Brackenridge Park in San Antonio. A large portion of the park area was dedicated to the City in 1899 by conveyances providing that it should not be used for any other purpose than a public park; that the City should never alienate, convey or encumber any part of it; and, in effect, that if these conditions should be breached, the title thereto should vest in the State for the benefit of the University of Texas.

The City passed an ordinance and entered into a contract with the State providing that the City would convey to the State a portion of the park lands as right-of-way for an expressway. Appellees acquired, maintained and improved their lands in reliance on the provisions of the dedicatory deeds and dedication of the property to exclusive use as a park. The proposed multi-lane highway will carry a heavy volume of traffic which will substantially impair a portion of the park area, rendering it unfit for park purposes; and the valuable property of appellees will be substantially depreciated in value by the proposed construction. Some of these facts are stipulated; others appellants do not conclusively admit, but state the truth of all may be assumed for purposes of this appeal.

We are of the opinion appellees do have the requisite justiciable interest in the subject matter of the suit to entitle them to maintain a portion, at least, of the action. Lamar County v. Clements, 49 Tex. 347; Corporation of Seguin v. Ireland, 58 Tex. 183; City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754; Clement v. City of Paris, 107 Tex. 200, 175 S.W. 672 on certificate from Tex.Civ.App., 154 S.W. 624; Look v. El Paso Union Passenger Depot Co., Tex.Com.App., 228 S.

W. 917; Fall v. Thompson, 126 Tex. 326, 87 S.W.2d 712, 713; State v. Clark, 161 Tex. 10, 336 S.W.2d 612, 614; 26 C.J.S. Dedication § 71 p. 569; 39 Am.Jur. 842; 31 Tex.Jur. 1338.

Appellants rely on San Antonio Conservation Society v. City of San Antonio, Tex.Civ.App., 250 S.W.2d 259, writ refused; Halpenny v. City of San Antonio, Tex.Civ.App., 351 S.W.2d 939, no writ; Kingsville Independent School Dist. v. Crenshaw, Tex.Civ.App., 164 S.W.2d 49, writ ref. w. m.; and Clark v. City of Corpus Christi, Tex.Civ.App., 301 S.W.2d 168, no writ, in support of the argument that "only lawfully constituted guardians of the public interest may maintain actions for the redress of injuries to the general public"; and that individual citizens have no such general interest in a park as to entitle them to enjoin diversion to another use, but are limited to relief by an action for damages. That these decisions are not determinative of the present problem is demonstrated in State v. Clark, 161 Tex. 10, 336 S.W.2d 612, 617.

Appellants thereupon say that the State and City have the power of eminent domain over the park land involved, and the City is therefore legally authorized to execute the voluntary conveyance enjoined. Appellees answer that the case is governed by the general rule stated in Zachry v. City of San Antonio, 157 Tex. 551, 305 S.W.2d 558, 560, that no use inconsistent with use of dedicated park property may be made so long as it is so used by the public; that neither City nor State is authorized to condemn the park property already dedicated and devoted to a public use; that the proposed conveyance would violate the provisions of the deed; that no election seeking consent of qualified voters of the City under Arts. 1017–1025 and 1112, V.A.T.S. has been held.

The rule in the Zachry case, above, relied on by appellees, was applied in an attempted alienation by the City to a private person having no power of eminent domain, and the rule was qualified by holding the municipal corporation could not divest itself of title "without special authority from the legislature."

■ We think the provisions of Art. 6674w–3 V.A.T.S. are so comprehensive and specific as to leave no doubt of the intention of the Legislature to empower the State to acquire the land in question by eminent domain proceedings, as well as by purchase. It authorizes condemnation of "Any land or any estate or interest therein; any property rights of any kind or character" which the State Highway Commission deems necessary or convenient to any State highway to be constructed, "regardless of the location of any such land, property rights, or material to be acquired," including that located within "the confines of any incorporated city." Only specified property "used and dedicated for cemetery purposes" is excluded. Purchase of any fee simple or lesser estate and "any property right" is authorized. Section 2 of that Article expressly provides that whether purchased or condemned, the property rights encompassed "include those belonging to the public" under the jurisdiction of any city. Since the State through its agency has the express power to acquire the land by purchase or condemnation, it becomes immaterial to determine whether power of condemnation is vested in the City.

■ Article 6674w–3 authorizes the governing body of every city "to make conveyance of title or rights and easements" owned by it "to any property needed by the State Highway Commission to effect its purposes in connection with the construction or operation of the State Highway system," including "those belonging to the public" under its jurisdiction. We think the statute is not restricted in application to interstate and defense controlled system highways as appellees contend.

■ Arts. 1017–1020 and 1112, V.A.T.S. prohibiting the selling of a public park

without approval by a vote of the qualified electorate do not preclude the conveyance enjoined here. In City of Tyler v. Smith County, 151 Tex. 80, 246 S.W.2d 601, 607, the Supreme Court directed a county (which asked on rehearing whether the court's original opinion prevented a street being opened through the dedicated public square of a home-rule city having the power of eminent domain) to refer to Kingsville Independent School District v. Crenshaw, Tex.Civ.App., 164 S.W.2d 49 [1] to see how this could be "accomplished even without resort to condemnation proceedings." The procedure in the latter case was substantially what is here enjoined. See El Paso County v. City of El Paso, Tex. Civ.App., 357 S.W.2d 783, no writ. To construe the statutes relied on by appellant as making an election prerequisite in the instant case would be to let a negative vote vitiate the specific power granted by Art. 6674w–3. That statute authorizes the governing body of the city to make conveyance "without any form of advertisement", and had the effect, we think, of obviating necessity for an election in the present situation. The power granted the State to condemn is not subject to consent of the electorate, and so in the present case, the concomitant authority of the City to convey without being subjected to condemnation is not so restricted.

■ Since the trial court granted the injunction, which is here dissolved, appellees' alternative prayer for judgment declaring that conveyance would effect divestiture of title was not reached, and we think we are here required to render the judgment which should have been rendered. The effect of the proposed conveyance is not determinative of the authority for its execution, the authority of the State to construct the highway, or any consequent rights of appellees now before us. Hence, no justiciable controversy is presented such as would authorize declara-

tory judgment on that question, even if it be assumed (which we do not decide) that appellees have a justiciable interest under Art. 2524–1, Sec. 2 in the subject matter of the declaration thus sought. McKinney v. Blankenship, 154 Tex. 632, 282 S.W.2d 691, 697; California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780. The alternative prayer calls, consequently, for an advisory opinion. The judgment is reversed, the injunction is dissolved, and judgment is rendered that appellees take nothing.

[1]. Writ ref. w. m., Oct. 14, 1942. Adopted, Kingsville, Independent School Dist. v. Crenshaw, Tex.Civ.App., 252 S.W.2d 1022, writ refused, Oct. 6, 1943, per Clerk, Supreme Court.