**E. C. BOLTON et al., Appellants,**

v.

**CITY OF WACO et al., Appellees.**

**No. 4822.**

Court of Civil Appeals of Texas.

Waco.

Nov. 6, 1969.

Rehearing Denied Dec. 4, 1969.

Sheehy, Jones, Cureton, Westbrook & Lovelace, L. Wayne Scott, Waco, for appellants.

Earl Bracken, Jr., City Atty., Bryan, Wilson, Olson & Stem, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This case involves the question of whether the City of Waco has the power to extend Herring Avenue eastward some 1450 feet (and over some 2.86 acres) [1] across the south portion of Cameron Park (and bridge across the Brazos River to East Waco).

Plaintiffs, E. C. Bolton and other heirs of William Cameron, as heirs of the grantors; E. C. Bolton and Nell Pape, individually and as class representatives of all citizens of Waco; instituted this suit against the City of Waco (and its Mayor, Council, and City Manager) alleging that Cameron Park had been deeded by the Cameron family to the City of Waco to "be held in trust by said City of Waco as a public park" and "at all times used solely and exclusively as a public park and place of recreation for the public and particularly for the inhabitants of the City of Waco"; that the City of Waco accepted the property upon such terms and conditions; that the

1. Only 1.8 acres of such 2.86 acres are from lands deeded to the City by the Camerons.

City of Waco is attempting to violate the terms of the trust, and has announced its intention to extend Herring Avenue through the main entrance to the park, across the main picnic area of the park, destroying a large portion of the play and picnic grounds, thus doing irreparable damage to the park.

Plaintiffs prayed for declaratory judgment that "the City of Waco does not have the power to appropriate any portion of Cameron Park property to right-of-way purposes", "that the City does not have the authority to resort to condemnation of said park property", and alternatively if the City can condemn, that the property revest in the Cameron family. Plaintiffs also asked for injunction to prevent the city from using any of the park property for street purposes.

The City answered that it had the legal right to extend Herring Avenue and construct the bridge across the Brazos River, under the deeds of conveyance, and under the law; and prayed alternatively for condemnation of 2.86 acres of the property for street purposes.

The Attorney General of Texas was made a party and filed pleading "that the Court act in such manner * * * as the interests of all parties require, in accord with equity, justice, and the laws applicable to the facts proved".

Trial was to a jury. The court defined "property in question" as "only that part of Cameron Park on which the roadway and bridge are proposed to be constructed by the City of Waco" and submitted the following Issue:

"Do you find from a preponderance of the evidence that the proposed use of the property in question as a roadway will not practically destroy the use of Cameron Park as a public park and place of recreation?"

The jury answered "It will not".

The plaintiffs filed motion for judgment notwithstanding verdict; the Attorney General filed no motion; and the City filed motion for judgment on the verdict, and motion for judgment as a matter of law.

The trial court entered judgment that plaintiffs (and the Attorney General), take nothing; and further granted the City judgment in condemnation, of all plaintiffs' interest in the 2.86 acres, here involved.

Plaintiffs appeal on 14 points contending:

1) The issue submitted was not a proper legal submission of the issue in the case, and is insufficient as a matter of law to support a judgment for the City.

2) The trial court erred in not submitting plaintiffs' requested issues.

3) The City cannot run a roadway through Cameron Park without first submitting the issue to a vote of the people, as required by Articles 6081b–1, and 1019 VATS.

4) The trial court erred in entering judgment for the City, since the road construction is in violation of the restrictive covenants in the deeds to the park, the City's ordinance, and the trust for which the City holds the property.

Cameron Park is an area approximately 416 acres, running generally northwest to southeast, along the west side of the Brazos and Bosque rivers, for approximately 3 miles. It is approximately ⅕ mile wide in the southeastern portion, and approximately ½ mile wide in the northwestern portion. The northern section is semi-wilderness, and the southern section contains developed picnic and play areas. Bridle paths, and gravel and topped park roads have been constructed throughout the park. The main entrance is located near the southern end of the park, at the intersection of Herring Avenue and 4th Street. Approximately 54 acres of the total was purchased by the City of Waco; approximately 12 acres is represented by dedicated streets; and the Cameron family deeded

some 350 acres in several deeds, commencing in 1910, in trust to the City of Waco as a public park, and provided "same shall at all times be used solely and exclusively as a public park and place of recreation for the public, and particularly for the inhabitants of the City of Waco".

Waco is a home-rule city. Under the provisions of Article 1175, Sec. 15, Vernon's Ann.Tex.Civ.St., it has the right of eminent domain "to appropriate private property for public purposes whenever the governing authorities shall deem it necessary * * * for any of the following purposes * * * streets * * *. The power of eminent domain hereby conferred shall include the right of the governing authority, when so expressed, to take the fee in the lands so condemned *and such power and authority shall include the right to condemn public property for such purposes."*

The City Council of Waco by duly adopted resolution, determined the necessity for extending Herring Avenue in an easterly direction through Cameron Park and constructing a bridge across the Brazos River.

In City of Tyler v. Smith County, 151 Tex. 80, 246 S.W.2d 601, 607, the Supreme Court after affirming that a home-rule city has power to condemn "public property" for street purposes, refers to Kingsville Ind. Sch. Dist. v. Crenshaw, Tex.Civ. App., Writ Ref WM, 164 S.W.2d 49[2] to see how this coud be "accomplished even without resort to condemnation proceedings." The procedure outlined in the Kingsville case was for the subdivision of government with power to condemn public property, to determine that such condemnation was necessary, and for the subdivision of government which held title to the property to agree with such determination.

In the instant case the City of Waco has the power to condemn public property for street purposes. The public property here involved belongs to the City. Thus under the authorities cited, the City had the legal right to construct the extension without resort to condemnation. City of San Antonio v. Congregation of Sisters of Charity, Tex.Civ.App. (NRE), 360 S.W.2d 580, cert. den. Contentions 1 and 2 are overruled.

Contention 3 is that the City must order an election, as required by Articles 6081f–1 and 1019 VATS, before constructing a roadway through Cameron Park.

We think both statutes inapplicable to the factual situation here; but in any event the power of the City to condemn under Article 1175, Sec. 15, is not subject to the consent of the electorate. City of San Antonio v. Congregation of Sisters of Charity, supra.

Contention 3 is overruled.

Contention 4 is that the road construction is in violation of the restrictive covenants in the Cameron deeds. Assuming without deciding that this is true, such cannot prevent the City from exercising its right of eminent domain. Kingsville Ind. Sch. Dist. v. Crenshaw, supra; City of San Antonio v. Congregation of Sisters of Charity, supra.

The City has the power to extend Herring Avenue eastward over the 2.86 acres of Cameron Park.

All plaintiffs' points and contentions are overruled.

The judgment of the trial court is correct.

Affirmed.

---

2. Opinion adopted in full in Kingsville Ind. Sch. Dist. v. Crenshaw, Tex.Civ. App., 252 S.W.2d 1022, to which the Supreme Court "Refused Writ" on Oct.

6, 1943 per clerk Supreme Court, although Texas writ of error table shows such "Writ Refused NRE".