### The LOWER VALLEY RESIDENTS ASSOCIATION OF EL PASO, Texas, Appellant,

### v.

### The CITY OF EL PASO, Appellee.

### No. 6166.

Court of Civil Appeals of Texas, El Paso.

April 14, 1971.

Roger L. Moore, El Paso, for appellant.

Travis White, City Atty., John C. Ross, Jr., Wade Adkins and Paul Echols, Asst. City Attys., El Paso, for appellee.

## OPINION

WARD, Justice.

This is a suit for writ of mandamus brought by the appellant against the City of El Paso. The trial court, upon hearing two of the special exceptions of the City, sustained them, and upon appellant's failure to amend, the case was dismissed. We affirm the judgment of the trial court.

The appellant alleges that it is a corporation chartered under the Texas Non-Profit Corporation Act and having its principal office in El Paso. No further information is given about the appellant other than its street address and registered agent.

In terms much more broadly expressed than as follows, it complains of the failure of the City to enforce its zoning ordinances and requests that a writ of mandamus be issued ordering and compelling the City of El Paso to enforce those laws and ordinances presently in existence in El Paso and the State of Texas, and to cause construction to cease and desist in certain areas and subdivisions of El Paso which are in violation of the laws and ordinances of said City; it requests the removal of any construction which may have been completed in any area or subdivision of El Paso where such construction was done in violation of the zoning laws and ordinances; and finally requests that the City of El Paso be compelled "to obey its zoning laws and ordinances and the Statutes of the State of Texas". Seemingly, it is the appellant's main complaint that the City and its various departments and commissions have been issuing building permits for single family residences as soon as subdivision plats have been approved by the Planning Commission and the City Council of El Paso without awaiting the formality of approval of zoning changes in new subdivisions which would involve their change from a farm-ranch zone to a residential zone.

Appellant complains only of the action of the trial court in sustaining the City's first special exception, which was to the effect that no justiciable interest is stated in the appellant's petition which gives it standing to maintain the present suit, and the appellant has failed to allege any facts which show that it has any right other than those held in common with the general public. As we understand the appellant's position, it is to the effect that it is a private corporation with its principal office in El Paso, and in a request for mandamus it need not show any interest, special and peculiar to itself, other than the fact that it is interested in the execution of the laws affecting the City, and that the language contained in the case of Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926), has been or should be overturned. In that case it is stated:

> "Whatever may be the rule in other jurisdictions, there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, in the absence of a valid statute authorizing the suit."

In so far as that statement applies to the present mandamus action, the general rule as so stated controls. The cases cited by the appellant are merely expressions of the recognized exceptions. Thus, McLaughlin v. Smith, Tex.Civ.App., 140 S.W. 248, concerned taxation and the unlawful expenditure of public funds; Wolf v. Petty, 414 S.W.2d 539 (Tex.Civ.App.1967, Ft. Worth), concerned the rights of qualified voters and signers of a petition calling for a special election under statutory procedure to request writ of mandamus to call the election; and Scott v. Board of Adjust-

ment, 405 S.W.2d 55 (Tex.1966), involved a granted statutory right to file that particular mandamus suit. It is sufficient to say that the capacity in which the appellant brings the present suit cannot be maintained, as it involves a right shared in common with all of the people of El Paso and with the public in general, and with no special circumstances or interest alleged. Halpenny v. City of San Antonio, 351 S. W.2d 939 (Tex.Civ.App. San Antonio, 1961).

The trial court also sustained a second special exception filed by the appellee to the appellant's petition which was to the effect that the writ of mandamus prayed for would involve the bringing of legal proceedings, civil or criminal or both, which would involve the exercise of discretion.

No complaint having been made on this appeal to the latter action of the trial court, the judgment of the trial court in dismissing the case is in all matters affirmed.