

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 20, 1973

The Honorable David Wade, M. D.
Commissioner
Texas Department of Mental Health
   and Mental Retardation
Box 12668 Capitol Station
Austin, Texas 78711

Opinion No. H- 108

Re: Authority of the City of
Beaumont to convey real
property to the department
of Mental Health and
Retardation

Dear Dr. Wade:

Your letter of July 31, 1973, sets forth the following facts:

"This Department has been appropriated monies
to construct one ward building at its Beaumont State
Center for Human Development . . . . No money was
specifically appropriated and funds are not available
from other sources for the purchase of a site for such
building.

"The City of Beaumont desires to make a gift to
this Department of approximately ten (10) acres of land
in fee simple as a site for such ward building. This
site is acceptable to this Department. The proposed
ten acre tract is part of a City of Beaumont municipal
park. The City of Beaumont is a home rule city and
Article XVI, Section 4 of the city charter provides in
part 'No public utility or park . . . owned by the City
of Beaumont shall ever be sold or leased for a period
longer than five (5) years until such sale or lease is
authorized by a majority vote of the qualified voters of
the City . . . .' "

You request an opinion of this office as follows:

"1.    May the City of Beaumont without compensation convey fee simple title to the aforesaid ten (10) acre tract of land to the State of Texas for the use and benefit of the Beaumont State Center for Human Development?

"2.    If your answer to Question No. 1 is in the affirmative, what procedures must be followed by the City of Beaumont and this Department in order to effect such transfer? "

In addition to the charter provision quoted above, the City of Beaumont is subject to the similar provisions of Article 1019, V. T. C. S. , as follows:

"No public square or park shall be sold, and no street or alley, nor part or parts of any street or alley closed, until the question of such sale or closing has been submitted to a vote of the qualified voters of the city or town, and approved by a majority of the votes cast at such election.  Id. "

Such restrictions are vigorously enforced by our courts under normal circumstances. Zachry v. City of San Antonio, 305 S. W. 2d 558 (Tex. 1957); Look v. El Paso Union Passenger Depot Co., 228 S. W. 917 (Tex. Comm., 1921).

However, such restrictions are not applicable when the proposed grantee is another governmental agency having powers of eminent domain over the property involved. In Kingsville Independent School District v. Cranshaw, 164 S. W. 2d 49 (Tex. Civ. App. 1942, writ ref., w. m.,) the school district proposed to acquire for school purposes, and the city of Kingsville proposed to convey a tract of city park land which was a logical and proper area for necessary expansion of school facilities.  The two bodies had agreed upon the terms of the transfer.  The court refused to enjoin building the school on the property.  It recognized that "all had been accomplished by agreement that could have been accomplished by a condemnation proceeding, " (164 S. W. 2d at p. 50), and further observed:

> "The School Board, vested by law with the power
> to act for the public school interest, has determined
> that the Chamberlain Park property was necessary and
> that it was not practical or possible (within the meaning
> of such terms by the courts), to use any other property.
> The City, acting through its Mayor and Commissioners,
> has decided that the Park would be serving a better public
> use if abandoned as a park and converted to school pur-
> poses. Under such circumstances there is no occasion
> to litigate the question as to the paramount public use of
> the property."

The Kingsville case was described by the Supreme Court of Texas
in City of Tyler v. Smith County, 246 S.W. 2d 601 (Tex. 1952), as an
effective method of accomplishing a transfer of property from one public
use to another "without resort to condemnation proceedings." 246 S.W.
2d at 607.

The Kingsville case was followed by the court in El Paso County
v. City of El Paso, 357 S.W. 2d 783 (Tex. Civ. App. 1962, m.w.h.). El Paso
County donated 1.6737 acres of park land to the city of El Paso for the pur-
poses of erecting a training tower for firemen. Later, the county attempted
to rescind the transaction alleging that the county judge did not comply with
Article 1577, V.T.C.S., which provides for the sale of county land at public
auction. The court held the county was bound by the transaction because of
the rule announced in the Kingsville Independent School District case.

Your department has powers of eminent domain "for the purpose of
securing land and property necessary to the operation of any and all . . .
state hospitals and other institutions . . . ." under your control and juris-
diction. Article 693a, V.T.C.S. This power was originally granted to the
State Board of Control, was transferred to the Board for Texas State Hospi-
tals and Special Schools by Article 3174b(2), V.T.C.S., and was thereafter
transferred to your department by § 2.16 of Article 5547-202, V.T.C.S.

Accordingly, we feel that your inquiry is controlled by the principles
that were controlling in the Kingsville Independent School District case and
in the El Paso case, and that, accordingly, no election is required to effect

a conveyance of the property from the City of Beaumont to your department. And see Attorney General Opinion H-93 (1973).

The fact that the transaction is denominated "a gift" does not invalidate it unless the Beaumont City charter contains restrictive provisions unknown to us. The proposed use is clearly for a public purpose and thus does not violate Article 3 §§ 50, et. seq., of the Texas Constitution. Similar donations were involved and approved by the courts in El Paso County v. City of El Paso, supra, and City of San Antonio v. Congregation of Sisters of Charity, 360 S. W. 2d 580 (Tex. Civ. App., 1962).

Actually, the transfer is not a gift. The improvement of the property and the consequent benefit to the city of Beaumont supply consideration for the transaction. In the El Paso case, supra, the county order approving the transaction recited as consideration for its transfer that "it will reduce the fire insurance rate in El Paso."

We therefore answer your first question that, in our opinion, the City of Beaumont may convey the fee simple in the property to the State for the use and benefit of the Texas Department of Mental Health and Mental Retardation.

Your second inquiry concerns procedures to effect the transaction. Article 5421q, V. T. C. S., passed in 1969 after the decisions cited above, provides in part as follows:

> "No department, agency, political subdivision, county, or municipality of this state shall approve any program or project that requires the use or taking of any public land designated and utilized prior to the arrangement of such program or project as a park, recreation area, scientific area, wildlife refuge, or historic site, unless such department, agency, political subdivision, county, or municipality, acting through its duly authorized governing body or officer, shall determine, after notice and a public hearing as required herein, that (1) there is no feasible and prudent alternative to the use or taking of such land, and (2) such

program or project includes all reasonable planning to minimize harm to such land, as a park, recreation area, scientific area, wildlife refuge, or historic site, resulting from such use or taking; clearly enuciated local preferences shall be considered, and the provisions of the Act do not constitute a mandatory prohibition against the use of such area if the findings are made that justify the approval of a program or project."

Compliance with these statutory provisions is required. See Attorney General Opinion No. M-788 (1971). Thus both your department and the city will need to hold public hearings on the subject matters covered by the statute and make the requisite findings.

## SUMMARY

The City of Beaumont has the authority to donate and convey park land to the Department of Mental Health and Mental Retardation for use in building a hospital, without the necessity of holding an election, but public hearings are required of both governmental authorities as indicated by Article 5421q, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee