

# The Attorney General of Texas

October 12, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Leslie C. Acker
County Attorney
Midland County Courthouse
Midland, Texas 79701

Opinion No. H- 1256

Re: Donation of city street right-of-way to county.

Dear Mr. Acker:

In Attorney General Opinion H-1188 (1978) we advised you that article 5421c-12, V.T.C.S., which generally requires publication and notice of bids prior to the transfer of a street right-of-way, would not apply to a certain transfer by the City of Midland to Midland County because the county was the sole "abutting owner" fronting the street to be abandoned. The question considered there was a narrow one, and we did not address in that opinion the effect of article 3, section 52 of the Texas Constitution on the transaction, or the impact of article 1019, V.T.C.S. You have now asked specifically if a gift of the right-of-way to the county, which intends to use the area to expand its courthouse facilities, is constitutionally prohibited.

Article 3, section 52 of the Constitution reads in pertinent part:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

Counties are considered to be municipal corporations or quasi-corporations within the scope of this and similar constitutional provisions, and gratuities to them by other municipal bodies, or even by the state itself, are unconstitutional. See Bexar County v. Linden, 220 S.W. 761 (Tex. 1920). Transfers are not gratuitous, however, if they are made on condition that the thing transferred be used for public purposes benefiting the granting entity. San Antonio River Authority v. Shepperd, 299 S.W.2d 920 (Tex. 1957).

The question of whether the expansion of courthouse facilities within the city would so benefit the City of Midland as to furnish an adequate consideration for the transaction is one initially for the Midland City Council, and ultimately for the courts. See Davis v. City of Lubbock, 326 S.W.2d 699 (Tex. 1959). We cannot say it would not.

With respect to your question on the impact of article 1019, V.T.C.S., we have concluded that it has no effect. Although that statute speaks to the abandonment of city streets and provides that no part of a street is to be closed until the question of closing it is submitted to the voters of the city, governing bodies with the power of eminent domain need not secure the consent of an electorate to obtain property they need for public purposes. Bolton v. City of Waco, 447 S.W.2d 718 (Tex. Civ. App. — Waco 1969, writ ref'd n.r.e.); San Antonio v. Congregation of Sisters of Charity, 360 S.W.2d 580 (Tex. Civ. App. — Waco 1962, writ ref'd n.r.e.) cert. denied (372 U.S. 967). See Austin Ind. Sch. Dist. v. Sierra Club, 495 S.W.2d 878 (Tex. 1973).

Midland County possesses the power to condemn public property needed for courthouse purposes and could seek to condemn the right-of-way. V.T.C.S. art. 3264a. Of course, the success of condemnation proceedings by one political subdivision against property already devoted to a public use, if not controlled by statute, depends upon the paramount need of the public. If the city and the county agree that the paramount need is a need for courthouse facilities, there is no difficulty. What Midland County might do by resort to condemnation proceedings, it can do by agreement with the City of Midland. See Kingsville Ind. Sch. Dist. v. Crenshaw, 252 S.W.2d 1022 (Tex. Civ. App. —San Antonio 1943, writ ref'd) adopting in full the opinion in Kingsville Ind. Sch. Dist. v. Crenshaw, 164 S.W.2d 49 (Tex. Civ. App. — San Antonio 1942, writ ref'd w.m.); El Paso County v. City of El Paso, 357 S.W.2d 783 (Tex. Civ. App. — El Paso 1962, no writ). See also Austin Ind. Sch. Dist. v. Sierra Club, supra; City of Tyler v. Smith County, 246 S.W.2d 601 (Tex. 1952).

If the city and the county reach agreement respecting the paramount public use of the property, and if the exchange is made for an adequate consideration or to accomplish a proper public purpose, we believe a transfer of the property to Midland County without an election would probably be upheld by the courts. Attorney General Opinions H-413 (1974); H-108, H-93 (1973).

## S U M M A R Y

If the City of Midland and Midland County reach agreement respecting the paramount public use of a city street right-of-way needed for courthouse expansion, and if the exchange is made for an adequate consideration or to accomplish a proper public purpose, a transfer of the property to the county without an election would probably be upheld by the courts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn