## CITY OF WACO v. CRISWELL.
### No. 2201.

Court of Civil Appeals of Texas. Waco.

March 28, 1940.

Rehearing Denied June 27, 1940.

George W. Morrow, City Atty., and Mabel Grey Howell, Asst. City Atty., both of Waco, for appellant.

Fitzpatrick & Dunnam, of Waco, for appellee.

TIREY, Justice.

This is a suit for damages against the City of Waco for personal injuries to T. T. Criswell, who was plaintiff below. Plaintiff's cause of action was based on the alleged negligence of the city in its relation to the construction and maintenance of a drainage ditch or storm sewer within the traveled portion of South 3rd Street in the city limits. The case was submitted to a jury upon special issues and resulted in verdict and judgment for the plaintiff.

The evidence disclosed that South 3rd Street from curb to curb is 44 feet and that the same is squeegeed. At a point 56 feet north of the abutment to a bridge across Waco Creek, on the west side of Third Street, there is a storm sewer, extending from the curb into the street 3.8 feet. The height of the vertical front of the sewer is 2 feet and 9 inches. There is also a storm sewer on the east side of the street approximately opposite the one on the west side, and these sewers reduce the width of the traveled portion of the street from 44 feet to 36 feet. The top of the sewer is covered by an iron grating that lies flush with the street. There was no grating or covering over the mouth or opening to the sewer. The sewer was constructed some twenty-five or thirty years before plaintiff suffered his accident and injuries. South 3rd Street is a heavily traveled street.

Just after dark on the day of the accident the appellee was in his own car, which was being driven by Lloyd Barton after a joint business trip to Waco. Appellee and the driver of his car were going south on said South 3rd Street in order to leave the city and go to their homes in Marlin, Texas. As they approached the point of the accident in question they observed a car going north, and just before they could pass the first car, another car coming north attempted to pull around and pass the first car approaching, at which time the driver of appellee's car pulled over to his right in order to give more room. When he did so, his right front wheel struck some part of the storm sewer and was driven back under appellee's car, causing the driver to lose control of the car, which continued southward and struck the abutment of the Waco Creek bridge. Appellee was thrown out of the car by the impact, and, as a result of such fall, suffered the injuries complained of.

Plaintiff, among other things, charged (1) that the city negligently constructed and maintained the storm sewer in the traveled portion of the street commonly used by the traveling public; (2) that it failed to exercise ordinary care in keeping said street at said place in a reasonably safe condition for automobiles to pass over; and (3) that it negligently failed to place over the entrance to said drainage ditch and storm sewer an iron or steel grating so as to permit automobiles to drive over same without injury or damage to the occupants thereof. The jury found that the city maintained the entrance to said storm sewer out into the traveled portion of the street, and further found that it was not guilty of negligence in so doing. It further found that the city failed to have over the entrance to said storm sewer an iron or steel grating so as to permit automobiles to drive over same without injury to the occupants of said cars, and that the failure of the city in not having an iron or steel grating over the entrance to the storm sewer rendered said street in a condition that

was not reasonably safe for the use of the public traveling in automobiles thereon. The jury further found that the city was guilty of negligence in not having an iron or steel grating over said entrance to the storm sewer, and that such negligence was the proximate cause of the injury to the plaintiff. It further found that the driver of the car was driving in excess of twenty miles per hour at the time of the accident in question; and further found that his rate of speed did not proximately contribute to cause the injuries and damages to the plaintiff. The jury acquitted the driver of the car and the plaintiff of all other acts of negligence.

It is the city's contention that since the jury found that it was not negligence for it to maintain the sewer in the street at the place where it maintained the same, and since there was no evidence of negligence on the part of the city in its failure to construct and place a steel or iron grating over the entrance to said storm sewer, the trial court should have granted its motion for judgment non obstante veredicto, or, in the alternative, should have granted it a new trial. We think this contention must be sustained. The plaintiff called as his witness the city engineer, presumably a hostile witness, as provided in amended Article 3769c, Vernon's Annotated Civil Statutes. The city engineer testified with reference to the storm sewer, in part, as follows: "From the amount of water that goes down Third Street, it is the only type that will effectively carry all of the water without damming up and possibly overflowing." He further testified, in part, that the storm sewer in question was constructed from twenty-five to thirty years before the accident in question, and was the type usually used in cities for such purpose at the time it was so constructed. He further testified, in part, as follows:

"I might answer that by saying that the standard design ten years ago was with a grate across the opening and down flat in the gutter and catch basin similar to our latest design; but the experience with grates has been such that we discontinued their use because they stopped up so easy with leaves and paper—would stop them up, and keep them from properly carrying the water off."

"In my opinion, if there was a grate, it would clog up and necessarily, as a direct cause of the stopping up, would flood the property because the water would have to go somewhere and as soon as it built up to the height of the curb, it would run over the top of the curb and overflow the property."

No other witness testified with reference to the maintenance and construction of a grating over the opening to the storm sewer, save and except Charles Bettinger, Jr. (witness for the city), who was a draftsman in the city engineer's department, and his testimony corroborated that of the city engineer upon said matter. As a general rule, a litigant vouches for the credibility of a witness introduced by him and is bound by his testimony. Pickett v. Dallas Trust & Savings Bank, Tex. Com.App., 24 S.W.2d 354, point page 357; 17 Tex.Jur. 928, § 419. However, there is a well known exception to this rule, that is, the litigant is permitted to contradict the testimony of such a witness by independent facts showing its inaccuracy or falsity. South Texas Coaches v. Eastland, Tex.Civ.App., 101 S.W.2d 878 point page 884, writ dismissed. However, we think that the plaintiff had the right to treat the city engineer as an adverse witness under the authority of Article 3769c, supra. Under the provisions of the foregoing Article, the plaintiff was not bound by the testimony of the city engineer, and the jury had the right to reject his testimony in toto. But it did not have the right to make a substitution of his testimony by attributing to him testimony he did not give. Schumacher v. Missouri Pacific Transportation Co., Tex.Civ.App., 116 S.W.2d 1136, point page 1140, writ dismissed. The plaintiff had the burden of establishing negligence against the city. The jury found that the city was not guilty of negligence in maintaining the sewer in the street at the time and place in question. It is true, the jury did find that the city was guilty of negligence in failing to maintain a steel or iron grate over the entrance to the storm sewer, but where is the testimony in the record to support such finding? The city engineer testified positively that the storm sewer in question was the type that was usually used in cities at the time it was built, and further testified that the construction and maintenance of a steel or iron grating over the

entrance to the sewer would defeat the drainage purpose for which it was constructed and maintained. He testified on redirect examination by plaintiff as follows:

"Q. I will ask you if it is not a fact you told the jury a minute ago that if you had a grating over this it would get stopped up? A. Yes, sir.

"Q. What would stop it up? A. Leaves, paper and trash."

Certainly, that is the direct and positive testimony of the city engineer. The next question arises, are there any independent facts and circumstances in the record showing the inaccuracy and the falsity of the statements of the city engineer with reference to the construction and maintenance of an iron grating over the entrance to the storm sewer to support the jury's finding that the city was guilty of negligence in not having an iron or steel grating over the entrance to the storm sewer in question? We have searched the entire statement of facts with this in view and have been unable to find it. On the contrary, we think the only evidence adduced was that a grating over the entrance would have been impracticable. The city was only required to do what an ordinarily prudent person would have done under the same circumstances. City of Waco v. Ballard, Tex.Civ.App., 246 S.W. 97, point page 99. See, also, 30 Tex.Jur. 746. It therefore appears to us that the plaintiff has not carried his burden, and this cause must be reversed.

■ The city contends further that since, in locating and constructing the storm sewer, it was exercising a governmental function, the improper or negligent performance of same could create no legal liability against it, because it was exercising a discretionary power with reference to the construction and maintenance of the storm sewer and that there is no liability from the failure to exercise, or the manner of exercising, or errors of judgment in exercising such discretionary power; and that it was entitled to a directed verdict. We have carefully considered the foregoing proposition, and we believe that under the rule announced by the Commission of Appeals in City of Waco v. Darnell, 35 S.W.2d 134, an issue of fact was raised for the jury. See, also, City of Waco v. Killen, Tex.Civ.App., 59 S.W.2d 940, writ dismissed; Kling v. City of Austin, Tex. Civ.App., 62 S.W.2d 689.

■ Appellant next contends that since Lloyd Barton, the driver of the car, and the appellee were engaged in a joint enterprise, that the said Barton's acts of contributory negligence are imputed to appellee, and that therefore the city is not liable for the injury sustained by appellee. It is true that the jury found that Barton was driving the car in excess of twenty miles per hour at the time in question, and the evidence is undisputed that it was within the city limits of the city of Waco, but the jury also found that such rate of speed in excess of twenty miles per hour did not proximately contribute to cause the injuries and damage to appellee. The jury acquitted said Barton of all other acts of negligence; therefore, we hold that the rule announced in the case of El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W.2d 187, does not apply, and this assignment is overruled.

■ The jury having found in its answer to special issue No. 5 that the city was not negligent in maintaining the entrance to the storm sewer out in the traveled portion of the street, and since we are of the opinion that there is a total absence of any evidence in this record to support the jury finding of negligence on the part of the city in its failure to maintain the steel or iron grating over the entrance to the storm sewer in question, and since the plaintiff failed to carry this burden, the judgment of the trial court must be reversed. See Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, point page 1063. Under the rule announced in Lanford v. Smith, 128 Tex. 373, 99 S.W. 2d 593, point page 594, we do not feel that we can say that this case has been fully developed, and, by reason thereof, we reverse and remand the cause for another trial.

The judgment of the trial court is reversed and the cause remanded.