Glenn H. McCARTHY et ux., Appellants,

v.

CITY OF HOUSTON et al., Appellees.

No. 68.

Court of Civil Appeals of Texas.

Corpus Christi.

March 18, 1965.

Rehearing Denied April 8, 1965.

Franklin R. Navarro, Michael T. Brimble, Houston, for appellants.

John J. Wildenthal, City Atty., Joe Resweber, Harris County Atty., Houston, for appellees.

GREEN, Chief Justice.

This appeal is from a take nothing judgment based on an instructed verdict in favor of appellees City of Houston, hereafter called City, and Harris County Flood Control District, hereafter called District, defendants below. The suit, in trespass to try title, arose by reason of City erecting a bridge across Brays Bayou within the city limits partly on property previously conveyed by deed from appellants to District March 14, 1956, for a cash paid consideration of $38,958.50. This deed contained a proviso that District, its assigns or successors in office, would not, for a period of 999 years, burden the surface fee conveyed with any above-ground fences, buildings or structures, such covenants and conditions to be binding upon and observed by District as well as its heirs, executors, administrators and assigns. It was further provided that in the event of any violation or non-observance of said covenant and condition, the conveyance would be null and void, and the premises would wholly and absolutely revert to the grantors, their heirs or assigns.

It is appellants' contention on this appeal that the evidence showed, or at least raised an issue of fact, that City, at a time when it owned no manner of right or title to the land in question, did, with District's acquiescence, burden the surface fee with above-ground structures, thus rendering the conveyance null and void, and causing title to revert to appellants. The bridge having been completed long before trial and being in use as a public bridge connecting streets on each side of the bayou, appellants also prayed in their trial pleadings that City be required to remove the bridge erected by it on this property.

Since the nature of the title conveyed to District by this deed is a matter of consequence, we should here dispose of appellants contention that extrinsic evidence was admissible to show that the parties to the deed did not intend that it should convey fee title to District but that it was meant to convey only an easement to be used by District exclusively for flood control purposes. Since the instrument did "grant, sell and convey" the 1.651 acres of land therein described to District, contained the customary habendum and tenendum clauses, with a general warranty of title, and did not in any way appear to be ambiguous in any of its terms, and required no explanation for an understanding of its provisions, we hold that the trial court correctly sustained appellees' objections to the offered extrinsic evidence. Texas Electric Ry. Co. v. Neale, 151 Tex. 526, 252 S.W.2d 451; Universal C. I. T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154; Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297; Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217; Finley v. Carr, Tex.Civ.App., 273 S.W.2d 439 writ. ref. We further hold that the portion of the deed providing for the possible reversion created a condition subsequent at most, and that title would not automatically pass to grantors in event of breach by grantee, but that the right in grantor to re-enter and retake the fee to the property must be established by suit timely filed for that purpose. Gulf, C. & S. F. Ry. Co. v. Dunman, 74 Tex. 265, 11 S.W. 1094; Lawyers Trust Company v. City of Houston, Tex., 359 S.W.2d 887; Houston & T. C. R. Co. v. Ennis-Calvert Compress Co., 23 Tex.Civ.App., 441, 56 S.W. 367, writ ref; Holmes v. McKnight, Tex.Civ.App., 373 S.W.2d 541.

The testimony discloses that shortly prior to January, 1961, City determined that it

was necessary, in the proper development of its street program, that this bridge be built. Practically all of 1961 was spent by City in securing the proper engineering plans, and doing the preliminary work preparatory to the actual erection of the bridge. District did not participate in these matters, and the testimony concerning them was restricted by the trial court to the suit as against City. However, as the preliminary work developed, District engineers became aware of City's plans, as it was essential that they determine, and they did do so, that such bridge as was contemplated by City would not interfere with the proper flow of water in the bayou.

■ This being an appeal from a judgment based on an instructed jury verdict, we must and do view the evidence in the light most favorable to appellants. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422; Weatherford v. Lee, Tex.Civ.App., 364 S.W.2d 730, writ ref. n. r. e. Hence on this appeal we shall consider that the testimony reflects that City started actual erection of above-surface structures on this property early in December, 1961, and that prior to December 21, 1961, the date this suit was filed, Mr. McCarthy observed on a portion of the land in issue "numerous base cement structures which were above the ground all the way across where you could then see definitely where the bridge was going to go."

■ In this connection, witness L. E. Whitney, called to testify by appellants, stated that construction did not commence before February 2, 1962, and that no above-ground structures were erected prior to that date. Whitney was the official of the City in charge of actual construction of this bridge, and appellants insisted on their right to call him as an adverse witness. Attorney for City objected, and the trial court sustained such objection, declining to permit appellants' counsel to ask leading questions, and ruling that appellants were bound by his testimony and could not subsequently offer evidence in rebuttal thereof. In this we feel that the court erred. On the record, appellants should have been permitted to treat Whitney as an adverse witness. Rule 182, Texas Rules of Civil Procedure; City of Waco v. Criswell, Tex.Civ. App., 141 S.W.2d 1046; City of Houston v. Glover, Tex.Civ.App., 355 S.W.2d 757, writ ref, n. r. e.

However, for the purposes of this appeal such error is harmless and cannot be considered basis for reversal. The entire purport of appellants' efforts with Whitney, after he had testified to the February 2nd date, was to impeach and contradict him, both by his own testimony and that of others, as to the time of the erection of the above-ground structures. Since this did not become a jury issue due to the instructed verdict, and since for the purposes of this appeal we are assuming that such structures appeared on the land in December, 1961, prior to the filing of this suit, as testified by Mr. McCarthy, appellants can suffer no injury by reason of the error. Appellants' third point, raising this contention, in so far as it asserts reversible error, is overruled.

At the time Mr. McCarthy saw the construction work by City on this property in December, 1961, as he testified, proceedings were pending before commissioners by which City sought to condemn appellants' reversionary interests in the particular portion of this property needed for the bridge. Hearing was not had on these proceedings until December 26, 1961, and since appellants filed objections to the commissioners award with the county judge, City's deposit with the county clerk of the amount of the award was not filed until January 4, 1962. Ordinarily, the condemner's right of entry is determined by the time of making such deposit. Art. 3268, Vernon's Ann.Tex.Civ.St.; 22 Tex.Jur.2d Eminent Domain, p. 375.

On December 7, 1961, District was authorized by its governing board to execute, and it did execute, an instrument purporting

to convey to City easement rights in the property necessary for the construction of this bridge. As evidence of District's desire and intent not to violate the conditions contained in the deed of March 14, 1956, District had inserted in this instrument the statement that it "does not have the right and cannot convey the right to construct or erect or have constructed or erected any above-ground fences, buildings or structures." There is no evidence that City accepted delivery of this instrument, and on January 5, 1962, the day after the deposit was made in City's condemnation suit against appellants, District rescinded its action as to such instrument.

At the time of the alleged burdening of the land by City with the base cement structures as testified to by Mr. McCarthy, City owned no interest or title to this property which could revert to appellants. The fee title, subject to the mineral interests and the conditions, belonged to District at and prior to the time such acts occurred. It is therefore District's fee title which, according to appellants, has reverted to them by reason of City's actions. The testimony clearly shows that District was not guilty of doing any act which burdened said land with above-ground structures. Appellants' witness Jensen on direct examination stated that District did not erect any improvements on the property for any purpose other than flood control, and appellants offered no evidence to the contrary. None of the improvements testified about by Jensen were above-ground structures, and all were erected years before the filing of this suit.

If any acts occurred which might have constituted a violation of the condition subsequent contained in the deed in question, they would have been the placing on the ground by City of the structures observed by Mr. McCarthy in December, 1961. The only charge made by appellants against District to secure a reversion to them of District's fee title is that District acquiesced in City's actions.

"Because a forfeiture is a harsh remedy, punitive in its operation, it has become a settled principle that forfeitures are favored neither in law nor in equity." 25 Tex.Jur.2d, Forfeitures, § 3, p. 502. In support of this rule, see also Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318; Knight v. Chicago Corporation, Tex.Civ.App., 183 S.W.2d 666, aff'd 144 Tex. 98, 188 S.W.2d 564; Manton v. City of San Antonio, Tex. Civ.App., 207 S.W. 951, wr. ref.

"Forfeitures are not favored by our laws. Henshaw v. Texas Natural Resources Foundation, 147 Tex. 436, 216 S.W.2d 566, 570, states: 'If the terms of a contract are fairly susceptible of an interpretation which will prevent a forfeiture, they will be so construed.' Automobile Ins. Co. v. Teague, Tex. Com.App., 37 S.W.2d 151, 153, states: 'The courts will not declare a forfeiture, unless they are compelled to do so, by language which will admit of but one construction, and that construction is such as compels a forfeiture.' Though courts have frequently enforced conditions subsequent, the rule stated above has consistently been followed, unless the instrument clearly and expressly requires a forfeiture." Judge Pope, in Link v. Texas Pharmacal Company, Tex.Civ.App., 276 S.W. 2d 903.

■ ■ We add that before a court should declare a reverter of a fee title under a condition subsequent, the facts should be such as to show a definite violation or breach of the condition subsequent, *performed or participated in by the fee owner of the property claimed to have reverted.* In order for an issue to have been raised as to whether District's fee title to the land in question had reverted to appellants, evidence would have had to show that *District* participated in the commission of the breach of the condition subsequent. A careful study of the testimony introduced in evidence in the case against District fails

to show evidence sufficient to raise a jury issue on this proposition. City having no title to the property could not in itself breach the condition subsequent so as to cause the reverter claimed by appellants, since it was not a party to the deed, and there was no privity of contract between appellants and City. The evidence is clear that City was not acting on behalf of District in the construction of the bridge, but that City was acting on its own behalf.

Appellants did not sue for money damages, and since the bridge was completed in the Fall of 1962, and has been in public use since that date, the prayer for injunction has long since become moot. Shortly after this suit was filed, City's rights in the property were crystalized through condemnation proceedings. We find no error committed by the trial court in the instructed verdict and the entry of judgment for City and District.

While we believe that this would be sufficient basis for an affirmance of the judgment, we will advance further reason for the correctness of the trial court's action.

City, under the provisions of Art. 1175 (15), has the right of eminent domain, and may acquire property in fee simple, including public property. In this connection, said Article provides in part:

"* * * the power of eminent domain hereby conferred shall include the right of the governing authority, when so expressed, to take the fee in the lands so condemned and such power and authority shall include the right to condemn public property for such purposes."

District did not have to wait for the property to be condemned, but could by voluntary conveyance grant its surface fee interests in the property to City. Kingsville Independent School Dist. v. Crenshaw, Tex.Civ.App., 164 S.W.2d 49, writ ref. w. o. m.; same styled cause, Tex.Civ.App., 252 S.W.2d 1022, writ ref.; El Paso County v. City of El Paso, Tex.Civ.App., 357 S.W.2d 783; City of San Antonio v. Congregation of the Sisters of Charity of the Incarnate Word, Tex.Civ.App., 360 S.W.2d 580, writ ref., n. r. e.; Hamman v. City of Houston, Tex.Civ.App., 362 S.W.2d 402, writ ref., n. r. e. Although through abundance of caution, and probably to save itself from a charge of breach of the condition subsequent, District inserted in its easement deed to City of December 7, 1961, later rescinded, that it could not convey the right to erect above-ground structures on the land, nevertheless if City by virtue of its right of eminent domain secured from the fee owner easement rights to such property, the right to erect this necessary bridge would belong to City as a matter of law, and not by virtue of any contract with District or with appellants. To the extent that City might violate any legal rights of McCarthy, the latter's relief would be by way of damages against City.

There is a clear distinction, as pointed out in the opinions in El Paso County v. City of El Paso, supra, and San Antonio v. Sisters of Charity, supra, in the rights of parties in cases where the grantee of an interest in property dedicated to definite public use has the power of eminent domain, and in cases, such as Zachry v. City of San Antonio, 157 Tex. 551, 305 S.W.2d 558, cited to us by appellants, where the grantee does not have such power. In this latter case, a lease of a public dedicated park granted by the City to an individual who could not have secured such lease by condemnation was held to be void. In the cases cited above (Kingsville Independent School District v. Crenshaw, etc.) it was held that where the party needing the dedicated property is a public entity that can secure the easement or fee by condemnation proceedings, it need not go through such proceedings if it can secure the property by voluntary conveyance.

In January, 1962, after the attempted conveyance of December 7, 1961, was rescinded, City did secure from District by condemnation an easement for its right of

way over the land used for the bridge construction. If, pending the filing of these proceedings, District granted to City some form of license to use this property, District would have been acting within its legal rights, since, as above stated, District as fee owner had the right to convey to City easement rights in the property, rather than wait for condemnation. If, on the other hand, City was a trespasser upon the land, such trespass by City would not contitute a breach by District of the condition subsequent, and appellants' remedy would be by nature of a suit against City for damages.

In neither instance would District have breached the condition subsequent to such extent as to cause a reversion of District's fee title to appellants.

Although we have not expressly referred to them by number, we have so far passed úpon all of appellants' Points of Error except their last, and have found no cause to reverse the judgment of the trial court.

 Appellants' Point No. 5 is that the trial court erred in admitting in evidence for all purposes the record in the condemnation suit filed by City against appellants. Included in District's pleadings in the present cause was a cross-action in condemnation against appellants. When the trial court sustained District's motion for instructed verdict, this cross-action was dismissed on District's request. The only harm which appellants could have suffered by reason of the admission in evidence before the jury of the amount of the award in the previous condemnation suit, which is what the appellants complain of in their brief, would have been for the jury to consider such amount as evidence of market value, in the event that issue reached the jury. Since it did not, any error of the trial court in this regard was harmless.

We find that there was no error in the action of the trial court in instructing the jury to return a verdict for City and District, and against appellants, and in rendering the judgment appealed from.

Affirmed.