**CITY OF HOUSTON, Appellant,**

v.

**Honorable William A. MILLER, Jr., et al., Appellees.**

**No. 199.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 18, 1968.

Rehearing Denied Jan. 15, 1969.

William A. Olson, Clifton E. Speir, Sr., Fred Robert Spence, Houston, for appellant.

Charles Kipple, Saccomanno, Clegg & Martin, Houston, for appellees.

BARRON, Justice.

This is an appeal from an order of the District Court of Harris County, Texas, denying a petition for mandamus and the relief sought therein filed by the City of Houston against Honorable William A. Miller, Jr., individually and as Judge of Civil County Court at Law No. 2 of Harris County. Petitioner, the City of Hous-ton, has appealed the order of denial to this court. Appeal is a proper legal remedy in this type of case, and no contention is made by any party that such action is improper. See Lowe and Archer, "Remedies," Sec. 490, p. 479; 37 Tex.Jur.2d, Sec. 116, p. 774, and cases cited.

A somewhat detailed statement is necessary. About November 16, 1961, in Cause No. 111,022, the City of Houston filed a petition for condemnation with the Judge of the County Court at Law No. 2 seeking to condemn an alleged reversionary interest which was being asserted by Glenn H. McCarthy and wife in a tract containing 24,735 square feet out of a tract of 1.651 acres of land in the P. W. Rose Survey in Harris County. On November 16, 1961 the court appointed three special commissioners who, after qualifying and after notice to the McCarthys, held a hearing on December 26, 1961 for the purpose of assessing damages for the alleged taking. The Special Commissioners on January 2, 1962 entered a written award, and the City deposited the amount of the award on January 4, 1962, thereby entitling the City to possession of the property as against the McCarthys. Within the time prescribed by law, McCarthy and wife filed their objections to the award of the Special Commissioners on January 15, 1962, whereby the matter became a civil suit pending in the county court. In the meantime, on December 21, 1961, Glenn H. McCarthy and wife, Faustine McCarthy, filed Cause No. 584,-926 in the 152nd District Court of Harris County, seeking an injunction against the City, the Judge of the County Court at Law and the three special commissioners. Injunction was denied by the District Court on December 26, 1961, and McCarthy and wife later moved for a non suit which was granted on October 4, 1967.

On January 10, 1962, in Cause No. 111,-186, the City filed its petition for condemnation against Harris County Flood Control District seeking to condemn a street easement as against the District's then present interest in the identical property.

Three commissioners were properly appointed, a hearing was held, and an award was entered in this condemnation suit. Neither party appealed and judgment was entered on February 19, 1962, vesting in the City of Houston an easement for street, road and highway purposes in, on, upon, over, under, along and across the fee title to the said land owned by the District. The City deposited the amount of the award, entered in and upon said land and proceeded to construct a bridge thereon, same being an integral link in the extension of North Braeswood Boulevard.

On December 28, 1961, Glenn H. McCarthy and wife filed in the 61st District Court of Harris County, as Cause No. 585,183, another suit styled Glenn H. McCarthy, et ux vs. The City of Houston and Harris County Flood Control District, et al, seeking another temporary injunction and other relief. In this suit McCarthy and wife alleged a deed unto them prior to 1956 to the property involved, a part of a 10.143 acre tract of land; a settlement agreement with the flood control district of 1.651 acres out of the 10.143 acre tract pursuant to the District's right of condemnation and for a stated consideration; a deed executed by the McCarthys to the flood control district of March 14, 1956, wherein conveyance of the surface estate was made subject to the condition that the District, its assigns or successors, "shall not for a period of 999 years burden the surface fee conveyed herein with any aboveground fences, buildings or structures * * *."; an instrument entitled "Easement" from the District to the City allegedly executed on December 7, 1961 and relating to said 1.651 acres; the City's erection of aboveground structures on the 1.651 acres with the knowledge, consent and co-operation of the District; contention by plaintiffs that title conveyed in the March, 1956 deed to the 1.651 acres determined and reverted to McCarthy and wife because of breach of the conditions subsequent in such deed by virtue of construction by the City of the aboveground improvements; and, as the City claims to be

significant, plaintiffs' petition concluded with formal and general pleadings in trespass to try title. In their prayer the McCarthys alleged that they have judgment for fee simple title to the land, that the City be required to remove the above-ground improvements, that the City and the District be enjoined from *diverting* the dedication of the grant of 1.651 acres to the City; for reformation of the deed from plaintiffs to the District, that the City and the District be required specifically to comply with the covenants and conditions in the deed aforesaid, and for general relief.

In its trial answer the City set up pleas to the jurisdiction, in bar, and in abatement. In such pleas the City described the condemnation suit pending against the McCarthys' reversionary rights in 24,735 square feet of the 1.651 acre tract and pointed out that the condemnation proceeding required the City to admit title to the property interests sought therein in the McCarthys. In its plea of not guilty, general denial and special answer similar admissions of the reversionary right and title of the McCarthys were made, and allegations were made "That Plaintiffs (McCarthys) have not alleged anything in their position that would take away or subtract from the rights of Defendant, City of Houston, acquired in said eminent domain proceedings, from Harris County Floor Control District, nor to be acquired by it by the pending condemnation suit against Plaintiffs herein." (Parenthesis added).

The temporary injunction of plaintiffs in the above suit was denied by the trial court, and the cause was dismissed as to the Judge of the County Civil Court at Law No. 2 and the three special commissioners, leaving the City of Houston and Harris County Flood Control District as defendants. After a jury trial, on August 30, 1963, the trial court instructed a verdict and decreed that plaintiffs take nothing. McCarthy and wife appealed the judgment of the trial court, and the judgment was affirmed by the Court of Civil Appeals for

the Thirteenth Supreme Judicial District of Texas at Corpus Christi. The case is reported at 389 S.W.2d 159. Application for writ of error was refused, no reversible error, by the Supreme Court of Texas on July 7, 1965. Reference is made to the decision of the Corpus Christi Court for additional factual background of this case and for its decision therein.

After the judgment became final in the foregoing suit in District Court, the City filed an amended motion for judgment with Judge Miller in Cause No. 111,022, pointing out that the issue of title to the disputed land insofar as the City and McCarthys are concerned had been resolved in favor of the City by final judgment in Cause No. 585,183, and it asked that the pending condemnation suit be dismissed. Judge Miller overruled the City's motion on April 5, 1968.

On April 5, 1968, the City of Houston filed its original petition for mandamus in the 61st District Court of Harris County, wherein Honorable William A. Miller, Jr. was respondent. The petition sought a writ of mandamus to require the respondent to dismiss the condemnation suit filed by the City against the McCarthys and enter judgment for the City of Houston, because the title issue had been resolved in favor of the City of Houston, and that the cause was either moot or that the doctrine of res judicata applied. The trial court's denial of the petition for mandamus is the reason for this appeal.

Appellant, City of Houston, contends by one point of error that the trial court erred in refusing a writ of mandamus requiring Honorable William A. Miller, Jr., Judge of the County Civil Court at Law No. 2 of Harris County, to enter judgment for the City of Houston and dismiss Cause No. 111,022, which is a condemnation suit styled the City of Houston v. Glenn H. McCarthy and wife, Faustine McCarthy. Only questions of law are involved.

Mandamus is not a writ of right, and its issuance is within the sound discretion of the court. The writ will not issue if the complainant has available an adequate remedy at law, nor will the writ be granted to control or revise the exercise of discretion by trial courts in the performance of purely judicial as distinguished from ministerial acts. Aycock v. Clark, 94 Tex. 375, 60 S.W. 665; Illey v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 651, 85 A.L.R.2d 1; Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 829; Lowe and Archer, "Remedies," Sec. 471, pp. 436–440. In Fulton v. Finch, supra, it was held that an order which proclaims its voidness upon its face needs no appellate action to proclaim its invalidity, and that writ of mandamus would issue under such circumstances. The Supreme Court said:

"It is one thing to say that a void order *may* be appealed from but it is another thing to say that it *must* be appealed from for it would be anomalous to say that an order void upon its face must be appealed from before it can be treated as a nullity and disregarded."

In the instant case it is undisputed that the City recognized that Harris County Flood Control District was the owner of title to the property involved with present right of possession, and that the District's title was subject only to the reversionary rights of the McCarthys upon the happening of certain events. The City recognized this by its filing a condemnation suit against the McCarthys for their *reversionary* rights to the surface estate as described in a deed recorded in Volume 3171, p. 114, Harris County Deed Records. The above deed dated March 14, 1956, contained a provision that the grantee, Harris County Flood Control District, its assigns or successors in office, would not, for a period of 999 years, burden the surface fee conveyed with any aboveground fences, buildings or structures, and such covenants and conditions were to be binding upon and observed by the District as well as its "heirs, executors, administrators and assigns." The title was to revert to grantors in the event of any violation of said cove-

nant and condition. The City had notice of this provision and recognized such rights of title. The City proceeded with its condemnation case to the point where damages were assessed by the three commissioners. The City paid the damages and took lawful possession of the property.

The appellant City takes the position that the intervening "take nothing" judgment rendered by the District Court and affirmed on appeal has the effect of vesting full fee simple title to the land in controversy in the City, and that the prior pending condemnation suit against the McCarthys is thereby a nullity, is rendered moot, or is subject clearly to its plea of res judicata. It is apparently contended that the Judge of the County Court at Law is without judicial discretion in the matter and is bound ministerially to grant the City's motion to dismiss the condemnation suit. We overrule such contention for several reasons.

■ We believe it to be clearly the law of this state that the pleadings of the parties may be considered to determine the scope and meaning of a "take nothing" judgment in trespass to try title. While it ordinarily is true that a "take nothing" judgment in trespass to try title is an adjudication that title to land is in the defendant (City), special pleadings in addition to the formal plea in trespass to try title alleging with particularity the issues of fact which the McCarthys were tendering for trial and the grounds on which they relied for recovery is controlling in Cause No. 585,183. The legal effect of the take nothing judgment, read and measured as it must be by the pleadings, was to deny to the McCarthys a breach of the condition subsequent contained in the 1956 deed, and to deny them a present and unqualified fee simple title with present right of possession. The judgment did not affect the McCarthy reversionary interest created by the deed and did not divest them of their reversionary interest and vest it in the City. Poth v. Roosth, 146 Tex. 7, 202 S.W.2d 442; Cargile v. Carter, 326 S.W.2d 208, (Tex.Civ.App.), writ ref., n. r. e.; Foster v. L. M. S. Development Co., 346 S.W.2d 387, 397, (Tex.Civ.App.), writ ref., n. r. e. Special pleadings, in addition to formal allegations of trespass to try title, limit the issues of the case and the effect of the judgment therein. The cases of Permian Oil Co. v. Smith, Tex.Sup., 73 S.W.2d 490; Chandler v. City of Corpus Christi, 272 S.W.2d 646, (Tex.Civ.App.), writ ref., n. r. e., and similar cases are distinguishable. Those cases apparently were pleaded in general trespass to try title form and were without any limiting special pleas.

■ The Thirteenth Court of Civil Appeals recognized McCarthy's reversionary rights in the land, where, 389 S.W.2d at page 164, although holding that the City could not breach the condition subsequent so as to cause reverter, the Court of Civil Appeals suggested that the McCarthys have relief by way of damages against the City to the extent it might have violated any of their legal rights. Moreover, the McCarthys had no immediate right of possession of the land involved so far as their reversionary interest was concerned. It is essential in trespass to try title that the plaintiffs have a present right of possession of the land which is the subject of controversy. There may be exceptions to this rule, but we believe that under the circumstances of this case, right of present possession was necessary if the reversionary interest was to be defeated. 56 Tex. Jur.2d, Sec. 6, p. 65. And see Dougherty v. Humphrey, 424 S.W.2d 617, 620, (Tex. Sup.); Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 9, 66 A.L.R. 745; City of Mission v. Popplewell, 156 Tex. 269, 294 S.W.2d 712, 714; City of El Paso v. Long, 209 S.W.2d 950, 954, (Tex.Civ.App.), writ ref., n. r e.; Rule 783(d), Texas Rules of Civil Procedure.

■ Appellant's motion for judgment based on a plea of res judicata or mootness, although raising only questions of law, invoked the judicial discretion of Judge Miller, the appellee. The fact that a

motion for judgment of dismissal involves only questions of law does not necessarily mean that a court's ruling on such motion becomes a ministerial act. Matlock v. Smith, 96 Tex. 211, 71 S.W. 956; Coke v. Pottorff, 140 S.W.2d 586, (Tex.Civ.App.), no writ hist. Appellant has its remedy by appeal or some similar proceeding.

For the reasons stated the judgment of the trial court denying appellant's petition for mandamus is affirmed.