The CITY OF GATESVILLE, Appellant,

v.

Floyd Lee TRUELOVE, Appellee.

No. 5653.

Court of Civil Appeals of Texas, Waco.

Dec. 30, 1976.

Robert F. Salter, Gatesville, for appellant.

Jerry B. Donaldson, Gatesville, Mack Kidd, Austin, for appellee.

## OPINION

JAMES, Justice.

This is a suit by a city employee against the City of Gatesville for personal injuries under the Texas Tort Claims Act, Article 6252–19, Vernon's Texas Civil Statutes. Trial was had to a jury. The verdict was favorable to Plaintiff. The trial court entered judgment for Plaintiff in harmony with the verdict, from which the Defendant City appeals. We reform and affirm.

On June 23, 1975, Plaintiff-Appellee Floyd Lee Truelove was an employee of the City of Gatesville. Buster Galloway, a front end loader operator, was working with Truelove on said date in the task of cleaning out the sewer pits in the City of Gatesville Sewer Plant. Galloway's job was to use the City front end loader to scoop up the effluent in the pits, while Truelove's job was to stand in front of the bucket of the front end loader and shovel into the bucket thereof the effluent between the bucket and the end of the curb, which the front end loader could not scoop up. Truelove and Galloway had on that day cleaned out two sewer pits without incident. On the third pit, while the cleaning thereof was in progress, Galloway attempted to get down from the front end loader, at which time the machine went into gear and pinned Plaintiff Truelove's leg between the edge of the bucket and the concrete curb, thereby amputating Truelove's leg below the knee.

The jury found in answer to special issues, that on the occasion in question:

(1) Galloway was negligent in four particulars, each of which was a proximate cause of the occurrence in question:

(a) in failing to prevent the machine from moving forward;

(b) in failing to use the safety lock on the machine;

(c) in failing to disengage the transmission before dismounting; and

(d) in failing to shut off the machine before dismounting.

(2) The City of Gatesville was negligent in five particulars, each of which was a proximate cause of the occasion in question:

(a) in failing to properly train Galloway in the operation of the machine;

(b) in failing to properly instruct Galloway in the safety rules covering the operation of the machine;

(c) in failing to properly instruct Galloway as to the safety mechanisms located on the machine;

(d) in failing to provide safety meetings; and

(e) in entrusting the machine to Galloway.

(3) The jury failed to find Plaintiff Truelove guilty of any negligence. Specifically, they failed to find Truelove negligent in standing in front of the machine, and failed to find Truelove did not keep a proper lookout.

(4) On the comparative negligence issue, the jury found Galloway to have been 40% negligent, the City 60% negligent and Truelove zero percent negligent.

(5) In answer to the damage issue growing out of Truelove's personal injuries, the jury found $145,000.00.

Pursuant to the jury verdict, the trial court entered judgment in favor of Plaintiff Truelove against the Defendant City of

Gatesville in the amount of $100,000.00, same being the maximum sum recoverable under Article 6252–19, V.A.C.S., the Texas Tort Claims Act.

The Defendant City appeals upon seven points or error asserting the trial court erred as follows:

(1) In refusing to grant Appellant's only motion for continuance;

(2) In permitting Appellee to examine Buster Galloway as an adverse witness;

(3) In granting a judgment upon the jury verdict, saying that but for the inadmissible testimony of Galloway, there was no evidence of the City being negligent;

(4) In determining that Plaintiff-Appellee had a cause of action pursuant to Article 6252–19, V.A.C.S., the Texas Tort Claims Act;

(5) In granting judgment against the City for a sum of money more than the percentage of the total damages found by the jury based upon the percentage of negligence attributable to the City;

(6) In granting judgment against the City by virtue of the finding of negligence of a fellow employee (Galloway); and

(7) In granting judgment on the verdict for the asserted reason that the jury's answer to Special Issue No. 3 (wherein the jury acquitted Truelove of any negligence) is so against the great weight and preponderance of the evidence as to be manifestly unjust.

We overrule all of Appellant's points of error and affirm the trial court's judgment.

■ We revert to Appellant's first point, wherein Appellant contends the trial court abused its discretion in refusing to grant Appellant's only motion for continuance.

As we understand it, Appellant contends the trial court abused its discretion in overruling Appellant's first motion for continuance for two reasons:

(1) Because Appellant only had nine days in which to answer Plaintiff-Appellee's First Supplemental Petition, wherein Plaintiff "for the first time alleged that Appellant was negligent"; and

(2) Because Appellant by being put to trial on April 19, 1976, was unable to take the deposition of one Dr. Webb, a medical doctor who had examined Plaintiff Truelove.

Plaintiff-Appellee's Original Petition was filed August 11, 1975, in which Plaintiff sought to make the City liable through the alleged negligence of Buster Galloway. Then on April 9, 1976, Plaintiff filed his First Supplemental Petition in which he sought to make the City liable based upon additional grounds of the City's negligence other than and independently of Galloway's negligence. (These additional grounds are as submitted to and answered by the jury as hereinabove indicated.) The trial court in January 1976 specially set this case for jury trial for April 19, 1976. Appellant says that he had only nine days to defend against the additional grounds of negligence. Plaintiff learned shortly before filing his Supplemental Petition that the City had no safety meetings or safety program for its employees. Learning of this, Plaintiff directed written interrogatories concerning safety programs to the City Manager, a Mr. Steve Fore, who testified in the case. Therefore, the City had some foreknowledge of these matters at least a few days prior to April 9, 1976, and then had nine days of actual knowledge of the alleged grounds of additional negligence on the part of the City before trial.

■ The granting or refusing of a continuance rests within the sound discretion of the trial court and such ruling will not be disturbed on appeal except in case of a clear abuse of such discretion. See Rules 251, 252, Texas Rules of Civil Procedure; *Hernandez v. Heldenfels* (Tex.1963) 374 S.W.2d 196, 202.

With reference to Appellant's asserted inability to take the deposition of Dr. Webb: the City had been supplied a written medical report from Dr. Webb of Waco, Texas, dated December 9, 1975, and a supplemental report in January, 1976, at Plaintiff's expense. Dr. Elsworth Lowrey was the doctor who regularly treated Plaintiff since his injuries occurred. Appellant took

Dr. Lowrey's deposition on April 6, 1976, and contends that he (Appellant) did not know he needed Dr. Webb's deposition until April 6, 1976. Appellant then tried to take Dr. Webb's deposition, and was advised that Dr. Webb would not be available for deposition until April 29, 1976, which was ten days after the trial date. Appellant did not cause a subpoena to be issued for Dr. Webb to assure his presence at the time of trial, nor did Appellant give Appellee the ten days notice of its intention to take Dr. Webb's deposition as provided by Rule 200, T.R.C.P. Nor did Appellant show in his motion for continuance what Dr. Webb's testimony would be and the materiality thereof, as prescribed by Rule 252, T.R.C.P.

Rules 176 et seq. and 186 et seq. authorize the placing of witnesses residing within 100 miles of the courthouse under subpoena to compel their attendance, and authorize the taking of depositions. These rules if utilized offer parties ready and fairly certain means of procuring the testimony of witnesses who reside within 100 miles, and they offer parties absolute protection against being forced to trial without the benefit of the testimony of material witnesses.

■ In the case at bar, Dr. Webb was subject to being subpoenaed; however, no subpoena was issued for him, and no reasons were stated in Appellant's motion for continuance why Dr. Webb could not have been subpoenaed. The absence of a material witness is "sufficient cause" for a continuance, under Rule 251, T.R.C.P., but only if "due diligence" has been used to procure the testimony of the witness, under Rule 252, T.R.C.P. See *Fritsch v. J. M. English Truck Line* (1952) 151 Tex. 168, 246 S.W.2d 856, 859; *Hensley's Admr's v. Lytle*, 5 Tex. 597, 55 Am.Dec. 741; *Middleton v. Vaughn* (Waco, Tex.Civ.App.1975) 530 S.W.2d 925, no writ.

Under this record, we cannot say the trial court abused its discretion in overruling Appellant's motion for continuance.

■ Appellant's second and third points assert the trial court erred in permitting Appellee to ask some leading questions of Buster Galloway, contending Galloway was not an adverse witness, within the meaning of Rule 182, T.R.C.P.; and further, that "except for the inadmissible testimony of Buster Galloway, there was no evidence of negligence by the City of Gatesville." We overrule these points. It is undisputed that Galloway was an employee of the City at the time of the accident in question, acting within the scope of his employment. It is also undisputed that at the time of trial, Galloway was no longer an employee of the City. The City by its pleadings denied that Galloway was negligent in any respect in the operation of the machine. Appellee called Galloway to the stand and was permitted to cross examine Galloway and ask him leading questions, over Appellant's objections.

We are of the opinion that the trial court had the right to treat Buster Galloway as an adverse witness to Plaintiff-Appellee Truelove. Rule 182, T.R.C.P. See *City of Waco v. Criswell* (Waco, Tex.Civ.App.1940) 141 S.W.2d 1046, no writ; *City of Houston v. Moore* (Houston 1st Tex.Civ.App.1965) 389 S.W.2d 545, NRE; *City of Houston v. Glover* (Waco, Tex.Civ.App.1962) 355 S.W.2d 757, NRE.

However, be that as it may, if we should be in error in holding that Buster Galloway was an adverse witness, under this record we hold that such action by the trial court in treating Galloway as an adverse witness, if error, was harmless. Rule 434, T.R.C.P.

■ Appellant further contends the trial court erred in granting judgment against the City because Galloway was a fellow employee of Plaintiff-Appellee Truelove, and therefore Plaintiff is barred by recovery under the "fellow servant" doctrine. Also, Appellant contends that Article 6252–19, Vernon's Ann. Texas Statutes, does not afford protection to municipal employees. Also, that the trial court erred in awarding $100,000.00 damages (the maximum permitted by the Act) against the City because the jury found the City to be 60% negligent, with $145,000.00 total damages; that 60% of $145,000.00 is only $87,000.00. We overrule all of these contentions.

Art. 6252–19, V.A.C.S., Sec. 2(1), specifically includes "cities" as "units of government" whose liability is affected by the Tort Claims Act. The City of Gatesville did not have Workmen's Compensation Insurance in effect on its employees on June 23, 1975, the date of the accident in question, and was not required to carry same as of the time of such injury.

The "fellow servant" doctrine does not apply as a bar to Plaintiff's recovery in the case at bar because: the jury found the City negligent in failing to properly train and properly instruct Buster Galloway in the operation, safety rules, and safety mechanisms of the front end loader, in failing to provide safety meetings for its employees, and in entrusting the front end loader to Buster Galloway, each of which ground of negligence was a proximate cause of the accident in question. All of these jury findings established the breach of non-delegable duties which the City as employer owed to Plaintiff Truelove, its employee.

The jury also found Galloway negligent in four different particulars concerning his operation of the front end loader, each of which grounds was a proximate cause of the accident in question.

Here we have the City as employer concurrently negligent with Galloway, a fellow employee to Plaintiff's Truelove. It is well established that when the master's negligence is concurrent with that of a fellow servant, the fellow servant rule will not preclude recovery. *Fort Worth Elevators Co. v. Russell* (1934) 123 Tex. 128, 70 S.W.2d 397; *Farley v. M M Cattle Co.* (Tex.1975) 529 S.W.2d 751, 757. Also see 38 Tex. Jur.2d, "Master and Servant," pars. 180 and 181, pp. 404 et seq.

Under this record, the City and Galloway are in the status of joint tort feasors, insofar as Plaintiff-Appellee Truelove is concerned. "Where the negligences of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concerted action". *Austin Road Co. v. Pope*

(1949) 147 Tex. 430, 216 S.W.2d 563, 565. Also see Art. 2212a, Sec. 2(c), V.A.C.S.

In the case at bar, the jury found Galloway 40% negligent the City 60% negligent, and Plaintiff Truelove zero percent negligent. The total damages found by the jury were $145,000.00; however Plaintiff was limited by Article 6252–19 to $100,-000.00. See *State Highway Dept. v. Pinner* (Beaumont, Tex.Civ.App.1975) 531 S.W.2d 851, 858, no writ. Since the City and Galloway were jointly and severally liable as joint tort feasors, the City was liable up to $100,000.00. All of Appellant's points and contentions are overruled.

Finally, Appellee has asserted by way of cross-point that it is entitled to have the trial court's judgment reformed so as to provide that it bears interest at nine per cent per annum instead of the six per cent per annum recited in said judgment. We sustain this cross-point. See Article 5069–1.05, Vernon's Ann.Texas Statutes, effective Sept. 1, 1975.

We therefore reform the trial court's judgment by causing same to bear interest from the date thereof at the rate of nine per cent per annum, and as reformed, we affirm same.

REFORMED AND AFFIRMED.