

# THE ATTORNEY GENERAL
# OF TEXAS

August 11, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Carlos Valdez
Nueces County Attorney
901 Leopard, Room 206
Corpus Christi, Texas  78401

Opinion No. JM-766

Re: Constitutionality of section 2 of article 6869.1, V.T.C.S., which exempts a county from liability for job-related injuries incurred by a reserve officer

Dear Mr. Valdez:

You question the constitutionality of section 2 of article 6869.1,[1] V.T.C.S., under article I, section 13, of the Texas Constitution. You also refer to "amendment XIV" and to a "section 1983 action." Consequently, this opinion assumes that you refer to the Fourteenth Amendment of the United States Constitution. See 42 U.S.C. §1983 (civil rights action for deprivation of federally protected rights).

Article 6869.1 authorizes county commissioners courts to authorize county sheriffs or constables to appoint reserve deputy sheriffs or constables, respectively. See §1(a). These reserve officers serve at the discretion of the sheriff or constable -- when the sheriff or constable considers it necessary to have additional officers to preserve the peace and enforce the law. See art. 6869.1, §1(c). The county commissioners court may compensate reserve deputy sheriffs and constables. See art. 6869.1, §1(d). Section 1(f) provides that reserve officers, while actively engaged in their assigned duties, "shall be vested with the same rights, privileges, obligations and duties of any other peace officer of the State of Texas." Section 2 of article 6869.1, however, the section about which you inquire, provides:

> The county and/or the sheriff or constable shall not incur any liability by reason of the appointment of any such reserve deputy sheriff or deputy

---

1. Article 6869.1, V.T.C.S., has been repealed, effective September 1, 1987, and replaced with section 85.004 of the Local Government Code. See Acts 1987, 70th Leg., ch. 149, §§1, 49. The substance of section 2 of article 6869.1 has been retained as subsection (g) of section 85.004.

> constable who incurs any personal injury while
> serving in such capacity.

In Attorney General Opinion M-990 (1971), the attorney general determined that the county and the sheriff or constable are not liable for any injury to the person or property of a reserve officer incurred in the performance of the officer's duties and that the county need not include reserve officers in its workers' compensation plan.

The basis for your constitutional claims is not entirely clear. Article I, section 13, of the Texas Constitution contains a "due course of law" requirement.  See also Tex. Const. art. I, §19. Section 13 prohibits legislative bodies from arbitrarily withdrawing all legal remedies from a person with a well-established common-law cause of action.  Sax v. Votteler, 648 S.W.2d 661, 664 (Tex. 1983).  A statute that unreasonably abridges a justiciable right to obtain redress for injuries is void under section 13 as a denial of due process.   648 S.W.2d at 665.   The "right" to recover for personal injuries from a governmental body, however, is not a well-established common-law right.   The doctrine of sovereign immunity bars actions against counties for the acts of its agents except in the circumstances specified in the Texas Tort Claims Act.   Tex. Civ. Prac. & Rem. Code §101.001; Vela v. Cameron County, 703 S.W.2d 721, 724 (Tex. App. - Corpus Christi 1985, writ ref'd n.r.e.); Attorney General Opinion JM-748 (1987) (and cases cited therein).

The "right" of government employees to recover from the sovereign for injuries incurred in the course of the employee's duties is governed by the workers' compensation statutes.  See V.T.C.S. art. 8309h; cf. City of Gatesville v. Truelove, 546 S.W.2d 79 (Tex. Civ. App. - Waco 1976, no writ) (city employee may recover against city under Tort Claims Act for actions of another city employee when city has no workers' compensation plan).   Article III, section 60, expressly authorizes the legislature to authorize counties to provide workers' compensation for its employees.   Article 8309h provides that all political subdivisions shall extend workers' compensation benefits to their employees.  See Attorney General Opinion H-338 (1974).   As originally enacted, article 8309h did not include volunteer policemen or policemen paid only on a "piecework" basis.   See id.  The legislature amended section 1(2) of article 8309h to provide that a political subdivision may include volunteer policemen in its workers' compensation program.[2]  See Acts 1981, 67th Leg., ch. 569, §1, at 2312.

---

2.   This opinion does not address the interaction of section 1(2) of article 8309h, V.T.C.S., which appears to authorize workers' compensation for reserve police officers, with section 2 of article 6869.1, which disclaims liability for reserve officers' injuries.

Consequently, there does not exist an established cause of action under these provisions that is subject to being taken away without "due course of law." See Gotcher v. State, 106 S.W.2d 1104 (Tex. Civ. App. - Austin 1937, no writ).

You also mention the Fourteenth Amendment to the United States Constitution. You do not indicate which clause or aspect of this provision is implicated by article 6869.1. The due process clause of the Fourteenth Amendment prohibits state action that deprives "any person of life, liberty, or property, without due process of law." U.S. Const. amend. 14, §1. This constitutional restraint limits state power to terminate certain rights and entitlements affecting property and liberty interests without providing notice and a hearing. See Bishop v. Wood, 426 U.S. 341 (1976); Goldberg v. Kelly, 397 U.S. 254 (1970). As indicated, by virtue of the doctrine of sovereign immunity and the terms of article 6869.1, reserve officers have not had a right to recover for injuries sustained during the performance of their official duties. A right to recover in tort against the state for personal injuries exists only when the state consents to suit.

The equal protection clause of the Fourteenth Amendment prohibits the discriminatory treatment of similarly situated persons. In Texas Board of Private Investigators and Private Security Agencies v. Bexar County Sheriff's Reserve, 589 S.W.2d 135 (Tex. Civ. App. - San Antonio 1979, no writ), reserve officers challenged the constitutionality of a statute that exempted regular peace officers but not reserve officers from the requirements of obtaining a security officer commission before carrying a handgun while employed as a private security officer. The parties agreed that the appropriate test of the constitutionality of the statute is the "rational basis test." 589 S.W.2d at 136. The court found that there exist major distinctions of training, supervision, and experience between regular and reserve peace officers that provide a rational basis for the different statutory requirement. 589 S.W.2d at 137. Similar considerations apply to the case at hand. The differences between regular and reserve peace officers could rationally support the legislative decision to exclude reserve peace officers from the workers' compensation statutes.

You note that under article 6870,[3] V.T.C.S., the county and the sheriff or constable are expressly made liable for injuries inflicted by reserve officers in the same manner and to the same extent that

_____

3. Article 6870, V.T.C.S., has been repealed, effective September 1, 1987, and replaced with subsection (d) of section 85.003 of the Local Government Code. See Acts 1987, 70th Leg., ch. 149, §§1, 49.

they are liable for injuries inflicted by regular officers. See Attorney General Opinion M-990. It is not clear what you mean by mentioning this provision. The fact that sheriffs or constables are liable for injuries inflicted by reserve officers to the same extent as they are liable for injuries inflicted by regular officers does not mean that the sheriff or constable must have the same liability for injuries inflicted on reserve officers as they have for injuries inflicted on regular officers. Liability for the actions of the agents and employees of a governmental body is a different question than the question of the liability of a government body to its agents and employees for injuries incurred in the performance of their duties.

## S U M M A R Y

Section 2 of article 6869.1, V.T.C.S., does not violate the "due course of law" provision of article I, section 13, of the Texas Constitution. Nor does section 2 of article 6869.1 violate either the due process or equal protection clause of the Fourteenth Amendment to the United States Constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General